**RECEIVED**

**JAN 2 3 2015**

**JOHN P. HEHMAN, CLERK
COLUMBUS, OHIO**

*IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
{EASTERN DIVISION}*
Joseph P. Kinnery US Courthouse
85 Marconi Blvd., Rm. 121
Columbus, Oh. 43215

| | | |
|---|---|---|
| ALTERIK ROGERS<br>A.K.A. BRIAN MACNEIL<br>68518 Bannock Rd.<br>P.O. Box 540<br>St.Clairsville, OH. 43950<br>     Plaintiff,<br>-vs- | )<br>)<br>)<br>)<br>) | Case No.: **2:14CV2750**<br>JUDGE: **Judge Watson** |
| (SGT.) MANARD REED,<br>Individually and in his official capacity,<br>C/O Jefferson Cty. Jail,<br>16001 State Route 7,<br>Stuebenville, OH. 43952 | )<br>)<br>) | MAGISTRATE: **MAGISTRATE JUDGE KEMP** |
| -and-<br>(C/O) REESE THOMPSON,<br>Individually and in his official capacity,<br>C/O Jefferson Cty. Jail,<br>16001 State Route 7,<br>Stuebenville, OH. 43952 | )<br>)<br>)<br>) | **AMENDED COMPLAINT<br>OF THE PLAINTIFF<br>{42 USC 1983}** |
| -and-<br>JEFFERSON COUNTY SHERIFF'S DEPT. and<br>Sheriff Fred Abdalla<br>16001 State Route 7,<br>Stuebenville, OH. 43952 | )<br>)<br>)<br>) | |
| -and-<br>JEFFERSON COUNTYPROSECUTING ATTORNEY<br>JANE M. KEENAN-HANLIN<br>Individually and in her official capacity,<br>C/O Jefferson Cty. Jail,<br>16001 State Route 7,<br>Stuebenville, OH. 43952<br>PREVIOUS LAWSUITS:<br>     Defendant's. | )<br>)<br>)<br>) | |

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?   YES ☐   NO ☐

B. If your answer to A is yes, describe the lawsuit in the space below, (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline).
   1. Parties to this previous lawsuit
      Plaintiffs : <u>I HAVE PREVIOUSLY FILED THIS COMPLAINT IN THE US DISTRICT COURT AS A 42 USC 1983 COMPLAINT. I AM NOW **AMENDING** SAID COMPLAINT TO ADD ONE DEFENDANT, BEING, JEFFERSON COUNTY PROSECUTOR **JANE M. KEENAN-HANLIN Individually and in her official capacity.** I AM ALSO AMENDING THIS COMPLAINT TO ADD ADDITIONAL STATEMENTS OF WITNESSES AND FURTHER EVIDENCE REGARDING SAID COMPLAINT.</u>
      Defendants _____
      _____

Court (if federal court, name the district; if state court, name the county):

<u>IN THE UNITED STATES DISTRICT COURT  FOR THE SOUTHERN DISTRICT OF OHIO {EASTERN DIVISION}</u>

   2. Docket Number _____
   3. Name of judge to whom case was assigned _____
   4. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?)
      _____
   5. Approximate date of filing lawsuit _____
   6. Approximate date of disposition _____

**Place of Present Confinement** _____

A. Is there a prisoner grievance procedure in this institution?   YES ☐   NO ☐
B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?
   YES ☐   NO ☐
C. If your answer is YES,

1. What steps did you take? I HAD DISCUSSED THE INCIDENTS IN LENGHTH WITH MY LAWYER (ARRON MILLER), I HAD GIVEN HIM STATEMENTS FROM OTHER INMATES AND WRITTEN REPORTS OF THE INCIDENTS IN QUESTION. I GAVE THEM TO COUNSEL WILL BE CALLED AS A WITNESS TO THE COMPLAINT. I HAD TO GO THROUGH COUNSEL BECAUSE THERE IS NO GRIEVANCE PROCEDURE IN THE JEFFERSON COUNTY JAIL.
2. What was the result? NOTHING WAS EVER DONE ABOUT THE WRONGS DONE TO ME. THE DEFENDANT'S CONSPIRED AGAINST ME IN ORDER TO PROCURE AN INDICTMENT FOR FALSE CHARGES THAT NEVER HAPPENED.

D. If your answer is NO, explain why not _____

E. If there is no prison grievance procedure in the institution did you complain to prison authorities?
   YES ☐   NO ☐
F. If your answer is YES,
   1. What steps did you take? I COMPLAINED TO CAPTAIN LIVINGSTON, LT. FOGEL, C/O HASSAN, C/O ELMER, AND NUMEROUS OTHER STAFF. I WAS CALLED A LAUGHED AT AND CALLED A LIAR.

What was the result? NOTHING WAS EVER DONE.

(In item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any).

A. Name of the Plaintiff ALTERIK ROGERS, A.K.A. BRIAN MACNEIL

   Address 68518 Bannock Rd., P.O. Box 540, St.Clairsville, OH. 43950

(In item B below, place the full name of the defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Use item C for the names, positions and places of employment for any additional defendants).

B. Defendant (SGT.) MANARD REED, is employed as CORRECTIONS OFFICER at JEFFERSON COUNTY JAIL 16001 State Route 7, Stuebenville, OH. 43952.

   Additional Defendants (C/O) REESE THOMPSON, JEFFERSON COUNTY SHERIFF'S DEPT. and Sheriff Fred Abdalla, JEFFERSON COUNTYPROSECUTING ATTORNEY JANE M.

KEENAN-HANLIN . (ADDRESS IS THE SAME)

(State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separated paragraph. Use as much space as you need. (Attach extra sheet(s) if necessary).

1. On January 30th ,2014, Sgt. Manard REED ABUSED HIS AUTHORITY AND ASSAULTED Mr. Alterik Rogers (AKA Brian MacNeil), the Plaintiff, causing him severe harm. The injuries sustained were dizziness, blurred vision, loss of balance, headaches, memory loss, slurred speech and swelling of the cranium, all consistent with head trauma. Sheriff Fred Abdalla's officer's all denied me to be seen by medical staff, despite my screams for help. There are several witnesses to what occurred prior to the Plaintiff being detained in solitary confinement. Sheriff Abdalla is in charge of the daily activities of his officers as well as their training, therefore, he is just as much to blame as they are. The statements of theses individuals along with a report from the Jefferson County Jail, are attached as exhibits.

2. Sgt. Manard Reed acting in concert with officers Reese Thompson, under the authority of Sheriff Fred Abdalla, assaulted the Plaintiff while in their official capacity as a Jefferson County Jail employee. Theses actions of assault/negligence under their official capacity as "Corrections Sergeant", "Corrections Officer" and Sheriff; make them all responsible for the assault and denial of medical treatment with deliberate indifference to the Plaintiff's protection and serious medical need. Further, each are liable in their individual capacities for their personal conduct regarding the assault and deprivation of medical treatment under color of State law.

3. JEFFERSON COUNTY PROSECUTING ATTORNEY JANE M. KEENAN-HANLIN Individually and in her official capacity, conspired with the other Defendant's to falsify documents which lead to the malicious prosecution and indictment of Mr. Alterik Rogers

(AKA Brian MacNeil), the Plaintiff. Sgt. Manard Reed fabricated reports and statements along with other officers, turning these document's over to a personal friend who is the Jefferson County Prosecutor who then used these fabricated documents to procure an indictment agianst the Plaintiff. Ms. Jane M. Keenan-Hanlin along with the other Defendant's are guilty of defamation of character, malicious prosecution and malpractice under the color of State Law.

4. The following are eye witness statements to the events that took place:

**a)** STATEMENT OF DUAN HARRIS[1]: " On January 30, 2014, Duan Harris was working the remote control to the television during a lock-down. During that time, inmates were discussing which channel to watch. People were saying "he was drunk driving", (a saying we use when someone puts something on that no one wants to watch). Then people started cracking jokes to each other through the cell doors; at that point, in a joking manner, Alterik Rogers, aka Brian MacNeil said, "I will two piece the drunk driver", as a joke. At that point, Sgt. Reed took those words as a threat toward a trustee, and told Mr. Rogers to roll up his things and go to the hole. As Mr. Rogers was leaving, he was stating that what was happening was "some pussy ass shit". At that point, Sgt. Reed ran up on Mr. Rogers and said, "call me another pussy"; at that point, Mr. Rogers calmed down and went with Sgt. Reed and Officer Thompson. At no point did I hear Mr. Rogers say that he would shoot, punch or do anything in a violent manner to Sgt. Reed while in or leaving A pod. I could go on the stand or take a lie detector test on any of the statements in this statement."

**b)** STATEMENT OF FRANCISCO ORTIZ[2]: "On January 30, 2014, I Francisco Ortiz was in room 501 on Pod A in Jefferson County Jail. At that time, there were jokes going around about who had the remote during lock-down, in which we were on. Words were going around stating

---

1 Exhibit A—Signed Statement of Duan Harris.
2 Exhibit B—Signed Statement of Francisco Ortiz.

that whoever had the remote was "driving drunk" (a phrase we use towards a person who is watching a channel on television that we do not want to watch). Once Sgt. Reed hears inmate Rogers, he walks up the stairs and tells him to pack up because he's going to lockup. Sgt. Reed said that inmate Alterik Rogers was theatening his trustee and goes to grab C/O Thompson for assistance. Inmate Alterik Rogers ties to explain to Sgt. Reed that he was not talking to his trustee, but Sgt. Reed insisted that he was. Once the door opens, inmate Alterik Rogers walks out slowly because of his disability. To my understanding, this is what pisses Sgt. Reed off, he then grabs him by the neck of the shirt collar dragging him out the door. Once out the door I also watched Sgt. Reed push and drag inmate Rogers down the hallway by the shirt collar until I could not see a visual of them anymore. I am willing to take a lie detector test about this situation. These are my words I solemnly swear.

**c)** SECOND STATEMENT OF DUAN HARRIS[3]: "On January 30, 2014, Duan Harris was working the remote control to the television during a lock-down. During that time, inmates were discussing which channel to watch. People were saying "he was drunk driving", (a saying we use when someone puts something on that no one wants to watch). Then people started cracking jokes to each other through the cell doors; at that point, in a joking manner, Alterik Rogers, aka Brian MacNeil said, "I will two piece the drunk driver", as a joke. At that point, Sgt. Reed took those words as a threat toward a trustee, and told Mr. Rogers to roll up his things and go to the hole. As Mr. Rogers was leaving, he was stating that what was happening was "some pussy ass shit". At that point, Sgt. Reed ran up on Mr. Rogers and said, "call me another pussy"; at that point, Mr. Rogers calmed down and went with Sgt. Reed and Officer Thompson. At no point did I hear Mr. Rogers say that he would shoot, punch or do anything in a violent manner to Sgt. Reed while in or leaving A pod. Furthermore, I Duan Harris remember Sgt. Reed coming into A

---

3   Exhibit C—Second Signed Statement of Duan Harris.

Pod and speaking with us about "Black aka Alterik Rogers asking Jerimiah, "did Mr. Rogers punch him in the face?" Jerimiah said "No". Sgt. Reed continued to question him about the accusations as if he were trying to get a confession, where there was none. I also witnessed Sgt. Reed speaking about an incident where he had taken drugs off another inmate, but did not turn it in to help out this inmate. The day after the indictment came down on Alterik Rogers, Sgt. Reed came onto Pod A and stated, "Now, I have to go on the stand on this man." As if showing his authority. I could go on the stand or take a lie detector test on any of the statements in this statement.

**d) STATEMENT OF STEVEN WEST[4]**: " I, Steven West, seen Maynor Reed and Reese Thompson escort an inmate to E Pod on January 20th, 2014. I, Steven West was in D Pod in 427 at the time. I found out later on in the day by Anthony Thorne, who was also in D Pod [on] January 20th, 2014 the inmate he said his name was Alterik Rogers AKA Brian MacNeil. I Steven West did not see or hear Mr. Rogers resist or threaten Maynor Reed or Reese Thompson on January 30th, 2014. Anthony Thorne has also told me he frlt Maynor Reed has a problem with Mr. Rogers because Mr. Rogers has a problem with Maynor Reed's family before being incarcerated. I Steven West will take a lie detector test and get on the stand at my own will."

**e)** STATEMENT OF ZACHARY HAZELTINE[5]: " I, Zachary Hazeltine had arrived at Jefferson County Jail on February 1st, 2014 at 1:00am. I had got pepper sprayed in Toronto and had no medical attention when I had asked for it, well, I had asked when I got here to get help so I can see. Well Sgt. Maynard Reed had asked me to put on the uniform, well I said, "I coan't see to put it on," he grabbed me by my neck and slammed me on the ground. My Brother is my witness, Martin Halstead is his name. All I wanted was medical attention and I got [the]

---

4 Exhibit D—Signed Statement of Steven West.
5 Exhibit E—Signed Statement of Zachary Hazeltine.

opposite, I got assaulted!!! I did this statement willingly on my own."

**f) STATEMENT OF ANTHONY ELMORE**[6]: "On the above date, I, Anthony Elmore heard a commotion outside the pod area so I ran to my door to see what was going on, upon looking out my door, I seen Sgt. Maynard Reed and C/O Thompson escorting inmate MacNeil to the hole, while bringing him in I heard inmate MacNeil say:"This the best job you had, your career as a boxer ended early because you got a glass chin and your soft." All this was said enroute to the cell, when they finally got to the cell, Sgt. Maynard Reed and C/O Thompson went into the cell, I heard another commotion like it was a physical altercation inside the cell, I then hear inmate MacNeil say,"now what was that for" and begin to laugh. I know MacNeil personally, so when I hear the commotion I asked him "what's up and is he alright?" He stated to me :he was good and that Sgt. Reed has just beat me in my head." While he was yelling that up to me Sgt. Reed was in the doorway to the pod looking up at my cell yelling to me "you heard him threatening me right? I never heard a threat so I didn't respond to his question, so then he went into the main control room and came over my emergency communicator and asked me for my signature or a statement, I said, "I was cool to leave me out of it." Since I know Sgt. Reed and Mr. MacNeil personally. So after a few hours go by myself and Mr. MacNeil are talking about the events which led him into being brought to the hole, while doing so, Sgt. Reed and C/O Thompson are doing their rounds for count, in doing so,they both hear our discussion, inmate MacNeil stops C/O Thompson and asks him "did he hear him threatening the Sgt.?" The C/O was at a loss for words and the Sgt. quickly intervened and said "you threatening me twice now, I have to take it personally, I'm going to Jane Henlin personally, the first time I called her, this time I'm going to her personally" and told C/O Thompson to, "come on". While leaving inmate MacNeil got to laughing at the Sgt. Saying "you hit like my girl and that's why you can't pay your sons tuition".

The Sgt. laughed, came back and said, "thats why your girl on section 8", and then he left. I did not want to write a statement but I know both parties personally and I believe what's right is right, now if Sgt. Reed would of just beat up Mr. MacNeil and left it at that, this statement would of never came into play, but for him to beat Mr. MacNeil and then press charges on him cause he knows the prosecutor personally, that I believe is a little too excessive and he crossed the line, making us inmates look like punching bags, and targets for cases. This statement is honest 100% I'll take a lie detector, and in know way shape or form was I threatened to write this. I just believe what's fair and we should not be treated threatened or assualted like this in the Country when we already have enough on our plate..."

**g)** STATEMENT OF WILLIAM VANDYKE[7]: "I William Vandyke am an inmate in the Jefferson County Jail. I know Sgt. Maynard Reed from the outside of this facility personally. I William Vandyke think Sgt. Reed is the toughest correction officer in the Jefferson County Jail. He has no respect for any inmate. If you say one wrong thing, he will do anything in his power to get over on you. He will put his lethal, deadly hands on you if you try to prove him wrong in any situation. Manard Reed thinks he is always right. If an inmate gets hurt and you try to tell Sgt. Reed, he will not try to help you in any way. I honestly think Mannard Reed should not be a corrections officer. I William Vandyke wrote this letter from what I've seen Sgt. Mannard Reed do in the past. I will get on the stand and testify/or take a lie detector test.

**[All above statements are in hand written form and attached hereto]**

5. As a result of this incident, Sgt. Maynard Reed fearing discipline for his actions against me, manufactured a false statement leading to charges against me through the help of his personal friendship with Prosecutor JANE KEENAN-HANLIN. Then, the Prosecutor Jane Keenan-Hanlin took these false accusations to the grand jury and in less than a week persuaded the the

---

[7] Exhibit F—Signed Statement of William Vandyke.

grand jury to hand down a True Bill Indictment using the false accusation given to her by her personal friend Sgt. Maynard Reed; case number 14CR012. This case is still pending in the Jefferson County Common Pleas Court. Sgt. Reed and Prosecutor Hanlin conspired to maliciously prosecute the Plaintiff, they have attacked his character, and committed malpractice under the color of State Law. [Attached are copies of all of the false statements fabricated by Sgt. Reed].

6. The Plaintiff states that he can prove through hand writing analysis that the statements written were actually written by Sgt. Reed his self, not the people who he claims wrote the statements. The statement in possession of the plaintiff was said to be written by an trustee inmate, David Dameron; however, a close look at this statement[8], and a Notification of Rules Violation[9], will show that both were written by the same person, Sgt. Maynard Reed.

7. Other statements were offered into evidence by Prosecutor Hanlin by way of Corrections officer incident reports[10]. These reports are refuted by witness statements of Duan Harris, Josh Morris, Robert King, Francisco Ortiz, Clint Kirk, Michael Chapman, Ron Trenner and Dustin Schoclsow[11]

The following is a statement of an account witnessed by numerous witnesses who signed the statement.[12] Then this statement was given to Counsel (Aaron Miller) for the Plaintiff, who then delivered it to the Jefferson County Jail Captain Livingston: "Willis Stackhouse said Officer Reed confiscated 28 bags of Heroine off of him, and only turned in 8 bags to the department. Stackhouse said, he only gave him 10 days in lockdown. Three weeks later, MacNeil aka Alterik came in for lockup after he heard that he stated that Stackhouse should report that to the

---

8 Exhibit G-Statement of David Dameron.
9 Exhibit H-Notification of Rules Violation.
10 Exhibit I-Officer Incident Reports.
11 Exhibit J-Statements of Duan Harris, Josh Morris, Robert King, Francisco Ortiz, Clint Kirk, Michael Chapman, Ron Trenner and Dustin Schoclsow.
12 Exhibit K-Statement/Signatures of Millard Fordham, Aaron Belon, Donald Abshire, Willis Stackhouse, Harry Stackhouse, Kenneth Harper, Marcus Gibson, Douglas Young, William Hughes, John Joy, Rernard Ellis, Matt Broz, Gary Merritt, Jim Talerico, Grant Bastia, David L. Mondor.

Captain or to Sheriff Abdalla, Sat, 18th around 4:15, 4:30. Officer Reed came in and stated: "MacNeil you need to take my name out of your mouth and tried to provoke MacNeil to get physical. After that, MacNeil told Officer Reed that he knew his place. So he stayed behind the red line. All of the sudden, Reed said, "he was going to talk to Jane Hanlin cause he felt like his life was threatened. There was no threat made from MacNeil. Then Officer Reed said that MacNeil threatened to shoot him. MacNeil said nothing of the sort. Officer Reed also made comments about MacNeils present and passsed cases in front of the whole pod C. Also he mentioned my clothes-paints that I have in my property.

8. The above statement witnessed by sixteen (16) people was turned over to the Plaintiff's Court appointed Attorney, who then turned this and his own personal statements[13], over to one of the Captains who is employed at the Jefferson County Jail.

Plaintiff will be able to clearly and convincingly under Color of State/Federal Law establish that the Jefferson County Sheriff's Department failed to house him properly and that the actions of all of the Defendant's were egregious and outright violation of his safety and rights. Sheriff Fred Abdalla should be held liable for the acts of the Defendant's Reed and Thompson because nothing goes on in his County Jail that is not recorded by camera or other that he does not know about. He should have stepped forward to discipline his staff, this is not the first time that this has happened. See **Rose v. Reed**, 2014 U.S. Dist. LEXIS 80899. "A supervisor is not liable for failing to train unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it." Sheriff Abdalla has had other complaints regarding at the least Sgt. Reed, yet this Officer remained an employee without discipline? Sheriff Abdalla failed to even investigate the incident even though it was brought to his attention through

---

13 Exhibit[s]-L—Statements of Alterik Rogers (AKA Brian MacNeil).

counsel and others. This failure to perform his duties stems from a deliberate indifference to the Plaintiff's constitutional rights amounting to a policy of the entity to ignore grievances either written or oral made by the inmates and the Plaintiff.

9. **Relief Sought**: (State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes): Plaintiff will agree to the following relief, 1) serious discipline to all Defendant's by their resected supervisors; 2) Dismissal of the charges in Jefferson County case number 14CR012 as they are "fruit of the poisoness tree"; 3) Monetary settlement in an amount that reflects the seriousness of the defendant's actions. If a settlement is not reached, the Plaintiff is seeking damages for pain and suffering for infliction of injuries and the denial of medical treatment by Officer[s] Maynard Reed and Reese Thompson as well the Mental Anguish suffered as a direct result of this cases circumstances, defamation of character by all the Defendant's, and Malicious Prosecution and Malpractice of Prosecutor Jane M. Keenan-Hanlin, in the amount of $500,000, plus the costs of litigating this case to include all filing fees and Court Costs.

Signed this 7 day of January, 2015.

_____
(Signature of Plaintiff)

*I declare under penalty of perjury that the foregoing is true and correct*

1-7-2015
(Date)

_____
(Signature of Plaintiff)

## FOR SERVICE BY CERTIFIED OR EXPRESS MAIL
## PURSUANT TO FED. CIV. RULE 4.1(A)

I, **ALTERIK ROGERS** Plaintiff in a "42 USC 1983" complaint against (SGT.) MANARD REED, (C/O) REESE THOMPSON, and SHERIFF FRED ABDALLA, JEFFERSON COUNTY SHERIFF'S DEPT., JEFFERSON COUNTY PROSECUTING ATTORNEY JANE M. KEENAN-HANLIN , at JEFFERSON COUNTY JAIL 16001 State Route 7, Stuebenville, OH. 43952. requests service by certified or express mail more fully described in Civ. Rule 4.1, as follows:

**(A) Service by certified or express mail.**

Evidenced by return receipt signed by any person, service of any process shall be by certified or express mail unless otherwise permitted by these rules. The clerk shall place a copy of the process and complaint or other document to be served in an envelope. The clerk shall address the envelope to the person to be served at the address set forth in the caption or at the address set forth in written instructions furnished to the clerk with instructions to forward. The clerk shall affix adequate postage and place the sealed envelope in the United States mail as certified or express mail return receipt requested with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered.

The clerk shall forthwith enter the fact of mailing on the appearance docket and make a similar entry when the return receipt is received. If the envelope is returned with an endorsement showing failure of delivery, the clerk shall forthwith notify, by mail, the attorney of record or, if there is no attorney of record, the party at whose instance process was issued and enter the fact of notification on the appearance docket. The clerk shall file the return receipt or returned envelope in the records of the action.

All postage shall be charged to costs. If the parties to be served by certified or express mail are numerous and the clerk determines there is insufficient security for costs, the clerk may require the party requesting service to advance an amount estimated by the clerk to be sufficient to pay the postage.

Date: 7 of January, 2015

*Respectfully Submitted,*

*Alterik Rogers*
Pro Se