IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Alterik Rogers,                    :

          Plaintiff,               :

     v.                            :     Case No. 2:14-cv-2750

Sgt. Manard Reed, et al.,          :     JUDGE MICHAEL H. WATSON
                                         Magistrate Judge Kemp
          Defendants.              :

REPORT AND RECOMMENDATION AND ORDER

     Plaintiff, Alterik Rogers, currently an inmate at the
Belmont Correctional Institution, filed this action under 42
U.S.C. §1983 against Sgt. Manard Reed, Officer Reese Thompson,
and the Jefferson County Sheriff's Department arising from events
which allegedly occurred while he was an inmate at the Jefferson
County Jail.  He subsequently amended his complaint to add the
Jefferson County Prosecuting Attorney as a defendant.  All
defendants with the exception of Sgt. Reed have moved to dismiss
the claims against them.  The motion for partial dismissal has
been fully briefed.  For the following reasons, the Court will
recommend that the motion be granted in part and denied in part.

I.  Background

     Mr. Rogers' original complaint contains the following
allegations.  On January 30, 2014, while in lockdown in his cell,
Mr. Rogers made a comment to another inmate in jest.  Sgt. Reed
overheard the comment, apparently interpreted it at as a threat,
and questioned Mr. Rogers about it.  Subsequently, Sgt. Reed and
Officer Thompson came to Mr. Rogers' cell, ordered him to pack
his belongings, and told him he was going to solitary
confinement.  When he protested, these defendants grabbed him and
Officer Thompson restrained Mr. Rogers from behind while Sgt.

Reed grabbed his neck and choked him. These defendants then proceeded to drag Mr. Rogers to solitary confinement. While he was being placed in solitary confinement, Officer Thompson continued to restrain him while he was assaulted by Sgt. Reed. Sgt. Reed struck Mr. Rogers in the back of his head with a fist, struck him in the temple, hit him 7-8 times, knocked him unconscious, and then awakened him by another punch to the head.

According to his complaint, Mr. Rogers sustained injuries including dizziness, blurred vision, loss of balance, headaches, memory loss, slurred speech, and swelling of the cranium, all injuries consistent with head trauma. Mr. Rogers was denied medical treatment despite his "screams for help."

The original complaint further alleges that Sheriff Abdalla, in his official capacity, is responsible for the actions of Sgt. Reed and Officer Thompson. Additionally, according to the original complaint, Sgt. Reed "manufactured a false statement" and persuaded the Jefferson County Prosecutor, Jane Hanlin, to convene a grand jury and indict Mr. Rogers as a result.

The amended complaint sets forth a more condensed recitation of the events of January 30, 2014 and focuses in greater detail on the alleged conduct of the prosecutor, Ms. Hanlin. According to the amended complaint, the criminal case initiated by Ms. Hanlin against Mr. Rogers remains pending in Jefferson County Common Pleas Court. Mr. Rogers alleges that Sgt. Reed and Ms. Hanlin conspired to maliciously prosecute him based on false written statements created by Sgt. Reed, but presented as if prepared by witnesses.

Mr. Rogers seeks $500,000.00 in damages, "serious discipline to all Defendant's by their respected supervisors," and the "[d]ismissal of the charges in Jefferson County case number 14CR012 as they are 'fruit of the poisoness tree.'"

II. The Motion to Dismiss

-2-

Defendants Sheriff Fred Abdalla, Corrections Officer Reese Thompson and Jefferson County Prosecuting Attorney Jane M. Keenan-Hanlin have moved to dismiss all claims against them. They argue that, Mr. Rogers has failed to state a claim against Sheriff Abdalla or Officer Thompson.  Further, they assert that Sheriff Abdalla and Officer Thompson are entitled to immunity pursuant to Ohio Revised Code Chapter 2744.  Additionally, they contend that Ms. Keenan-Hanlin is entitled to prosecutorial immunity.

More specifically, Sheriff Abdalla asserts that, because Mr. Rogers has named the Jefferson County Sheriff's Office as a defendant, and because, under Ohio law, a county sheriff's office is not a legal entity capable of being sued, this action must be construed as a claim against him in his official capacity.  As Sheriff Abdalla reads the complaint and the amended complaint, Mr. Rogers expressly seeks to hold him liable under a theory of respondeat superior.  According to Sheriff Abdalla, Mr. Rogers cannot assert a claim against him under this theory.  Further, Sheriff Abdalla argues that Mr. Rogers has failed to allege any custom or policy of the Jefferson County Sheriff's Office which has led to a constitutional violation and, therefore, Sheriff Abdalla cannot be held liable under Monell v. Dep't of Social Services, 436 U.S. 658 (1978).

Officer Thompson contends that Mr. Rogers' limited allegations directed to him do not suggest the use of excessive force or the "abuse of authority."  He asserts that his presence during the incident which forms the basis of Mr. Rogers' complaint is insufficient to hold him liable.

Finally, Ms. Keenan-Hanlin contends that she is entitled to prosecutorial immunity because the claims against her are directed specifically to her role as the Jefferson County Prosecuting Attorney.  She asserts that, even if the testimony or

-3-

evidence presented before a grand jury or at trial is later
determined to be false, she is still entitled to absolute
immunity.

In response, Mr. Rogers asserts that Sheriff Abdalla must be
held liable because "he has direct knowledge of the past and
present actions [of] his officers." He contends that Sheriff
Abdalla's employees, including Mr. Reed, "ha[ve] been
successfully sued before" and claims that the fact that are still
employed demonstrates Sheriff Abdalla's accountability for
failing to properly train or reprimand employees. Further, Mr.
Rogers argues that Sheriff Abdalla and Officer Thompson are not
entitled to immunity under Ohio Rev. Code 2744. With respect to
Ms. Keenan-Hanlin, Mr. Rogers contends that because she was
engaged in a conspiracy with Officer Reed, she was not "enmeshed
in the judicial process" as a prosecutor. He also asserts an
overall disagreement with the concept of prosecutorial immunity.

In reply, defendants contend that the isolated incident
alleged by Mr. Rogers is insufficient to support a Monell claim.
Further, they note that, in his response, Mr. Rogers has asserted
different allegations against Officer Reed from those asserted in
the complaint. Specifically, defendants note that the affidavit
attached to the original complaint states, in part, "C/O Reese
Thompson restrained me from behind while Sgt. Reed grabbed me by
the front of my neck, choking me." According to defendants, in
his response, Mr. Rogers quotes the affidavit as stating, "C/O
Thompson restrained me by the front of my neck, choking me."
Defendants argue that Mr. Rogers should not be permitted to
assert new or different allegations in a response to a motion to
dismiss. Additionally, defendants reiterate that Sheriff Abdalla
and Officer Thompson are entitled to immunity under Ohio Revised
Code Chapter 2744. Finally, with respect to Ms. Keenan-Hanlin,
defendants reassert prosecutorial immunity and further note that

-4-

Mr. Rogers is asking the Court to interfere with state court proceedings.

Mr. Rogers, without seeking leave of Court, filed a response to defendants' reply.  In this filing, Mr. Rogers argues, at some length, that neither Sheriff Abdalla nor Officer Thompson are immune from suit under Ohio Rev. Code 2744.  With respect to the differing statements regarding Officer Thompson, Mr. Rogers explains that it was the mistake of an inmate clerk.  Regardless, however, he notes that defendants do not deny that Officer Thompson restrained him while Officer Reed beat him.  As Mr. Rogers sees it, Officer Thompson is a co-conspirator.

### III.  Legal Standard

A motion to dismiss under Fed. R. Civ. P 12(b)(6) should not be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  All well-pleaded factual allegations must be taken as true and be construed most favorably toward the non-movant. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009).  Rule 8(a) admonishes the Court to look only for a "short and plain statement of the claim," however, rather than requiring the pleading of specific facts.  Erickson v. Pardus, 551 U.S. 89 (2007).

A 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it. Roth Steel Products v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983).  The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim.  Consequently, a complaint will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar

to relief.  See Rauch v. Day & Night Mfg. Corp., 576 F.2d 697, 702 (6th Cir. 1978).  Rule 12 (b)(6) must be read in conjunction with Fed. R. Civ. P. 8(a) which provides that a pleading for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  5A Wright & Miller, Federal Practice and Procedure § 1356 (1990).  The moving party is entitled to relief only when the complaint fails to meet this liberal standard.  Id.

On the other hand, more than bare assertions of legal conclusions is required to satisfy the notice pleading standard. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988).  "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  Id. (emphasis in original, quotes omitted).

> "[w]e are not holding the pleader to an impossibly high standard; we recognize the policies behind rule 8 and the concept of notice pleading.  A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim.  But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist."

Id. It is with these standards in mind that the motion to dismiss will be decided.

IV.  Analysis

A.  Official Capacity Claims

The Court will begin its analysis of this issue with an examination of Mr. Rogers' claim against the Jefferson County Sheriff's Department, or, as defendants characterize it, against Sheriff Abdalla in his official capacity.  There is no question that, under Ohio law, a county sheriff's office is not a legal entity capable of being sued.  Barrett v. Wallace, 107 F.Supp.2d 949, 954 (S.D. Ohio 2000).  Consequently, to the extent that the

-6-

face of the complaint, and amended complaint, indicate an
intention to name the Jefferson County Sheriff's Department as a
defendant, the Court will recommend that any claims against that
entity be dismissed.

To the extent Mr. Rogers intends to name Sheriff Abdalla as
a defendant, as defendants note, from the language and face of
the complaint, Mr. Rogers appears to be suing Sheriff Abdalla
only in his official capacity. When a plaintiff sues local
government officials and employees in their official capacity,
the suit is treated as one against the municipality. See, e.g.,
Kentucky v. Graham, 473 U.S. 159, 166 (1985) ("As long as the
government entity receives notice and an opportunity to respond,
an official-capacity suit is, in all respects other than name, to
be treated as a suit against the entity" (citation omitted)).

In order to satisfy the requirements for suing a municipal
employee or entity, Mr. Rogers must "1) identify a municipal
policy or custom; 2) connect that policy or custom to the
municipality; and 3) show that execution of that policy or custom
caused the particular injury." Janis v. Marcum, 77 Fed. App'x
308, 310 (6th Cir. 2003)(citing Garner v. Memphis Police Dep't.,
8 F.3d 358, 364 (6th Cir. 1993) and Gregory v. Shelby County,
Tenn., 220 F.3d 433, 442 (6th Cir. 2000)). "There are at least
four avenues a plaintiff may take to prove the existence of a
municipality's illegal policy or custom. The plaintiff can look
to (1) the municipality's legislative enactments or official
agency policies; (2) actions taken by officials with final
decision-making authority; (3) a policy of inadequate training or
supervision; or (4) a custom of tolerance or acquiescence of
federal rights violations." Thomas v. City of Chattanooga, 398
F.3d 426, 429 (6th Cir. 2005).

Mr. Rogers has not identified any custom or policy relating
to any alleged constitutional violation. His response includes

-7-

various statements indicating the basis for his claim is that "Sheriff Abdalla should be held accountable for failing to reprimand and properly train his employees.  Especially since this [Officer Reed} has been successfully sued before."  He also states that "[c]ommon sense says that there is policy and procedures against" the actions he alleges in his complaint, reinforcing an interpretation that no custom or policy is the driving force behind the conduct Mr. Rogers alleges.  Consequently, the Court will recommend that any claims for money damages against Sheriff Abdalla in his official capacity be dismissed.  Further, to the extent that Mr. Rogers' complaint can be read as seeking injunctive relief against Sheriff Abdalla in his official capacity, the Court will recommend that any such claim be dismissed as well.  According to the complaint, Mr. Rogers is no longer detained in the Jefferson County Jail.  See Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir. 1996)(finding claims for injunctive relief moot after plaintiff transferred to another institution).

Similarly, the Court will recommend dismissal of any claims asserted against Ms. Keenan-Hanlin and Officer Thompson in their official capacities.  With respect to Officer Thompson, the analysis set forth above with respect to Sheriff Abdalla is equally applicable to Officer Thompson.  With respect to Ms. Keenan-Hanlin, however, the Court of Appeals "has held that county prosecutors, in the course of prosecuting crimes, act as agents of the State and are immune from suits seeking money damages against them in their official capacities." Thomas v. McGinty, 2013 WL 3057011, *2 (N.D. Ohio June 17, 2013), citing Boone v. Kentucky, 72 Fed. Appx. 306, 307 (6th Cir. 2003). Further, to the extent that Mr. Rogers' complaint can be read as requesting injunctive relief against Ms. Keenan-Hanlin, the Court will also recommend dismissal.  While suits for injunctive relief

-8-

may be maintained against a state official in his or her official capacity, the relief requested must be prospective in nature and not based on past acts.  Gean v. Hattaway, 330 F.3d 758, 776 (6th Cir. 2003).  As noted above, Mr. Rogers' complaint suggests that he is seeking relief based on past conduct and does not appear to be seeking prospective relief.  For this reason, the Court will recommend dismissal of all claims against the moving defendants in their official capacities.

B.  Ms. Keenan-Hanlin

Turning to Mr. Rogers' claim against Ms. Keenan-Hanlin in her individual capacity, the gist of this claim is that she conspired to bring false charges against him.  To the extent that Mr. Rogers is attempting to state a claim against her under §1983, as a general rule, prosecutors enjoy immunity from liability for damages with respect to any acts associated with the position of prosecutor so long as such acts are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976).  As a policy matter, a prosecutor, in order to perform that job independent of improper considerations, must be free from the threat of suits from those who are accused but not convicted.  Otherwise, no limits could be placed on the ability of unhappy participants in the criminal process to harass a prosecutor and, ultimately, to cause the prosecutor to act simply in order to avoid the threat of future litigation, as opposed to vindicating the interests of the state in the independent exercise of prosecutorial judgment.

> "A prosecutor is duty bound to exercise his best judgment both in deciding which suits to bring and in conducting them in court.  The public trust of the prosecutor's office would suffer if he were constrained in making every decision by the consequences in terms of his own potential liability in a suit for damages."

Id. at 424-25.

Imbler did not define precisely the contours of
prosecutorial immunity.  However, it is clear from Imbler
that such immunity extends both to the prosecutor's decision
to bring charges and his subsequent conduct of the case.
Further, the immunity extends to the decision to file complaints,
obtain an arrest warrant for a defendant, and conduct
interrogation relating to the decision to prosecute.  Id. at
556-57.  The immunity also extends to "failing to disclose
exculpatory and other information concerning witnesses, procuring
false testimony, failing to correct perjured testimony, causing a
conflict of interest for defense counsel, not disclosing that
conflict,... putting a 'spy' in the defense camp, and 'covering
up' those allegedly unconstitutional actions." Jones v.
Shankland, 800 F.2d 77, 80 (6th Cir. 1986), cert. denied 481 U.S.
1048 (1987).  However, prosecutorial immunity does not extend to
acts taken in the prosecutor's administrative or investigative
capacities. see also Buckley v. Fitzsimmons, 509 U.S. 259 (1993);
Burns v. Reed, 500 U.S. 478 (1991).

Here, Mr. Rogers argues that Ms. Keenan-Hanlin used
fabricated conduct reports as evidence to obtain an indictment
against him.  As the above discussion indicates, even if this is
so, this is activity Ms. Keenan-Hanlin would have undertaken in
her role as a prosecutor.  Consequently, she is entitled to
prosecutorial immunity to the extent that Mr. Rogers is seeking
monetary damages.

The complaint also indicates, however, that Mr. Rogers is
seeking to have pending state court charges initiated by Ms.
Keenan-Hanlin dropped.  A federal court must decline to interfere
with pending state proceedings involving important state
interests unless extraordinary circumstances.  Younger v. Harris,
401 U.S. 37, 44-45 (1971).  Abstention is mandated where, as
here, federal court intervention would "unduly interfere[] with
the legitimate activities of the State." Younger, 401 U.S. at
44.  For all of these reasons, the Court will recommend that the

-10-

partial motion to dismiss be granted as to all claims against Ms. Keenan-Hanlin.

C. <u>Officer Thompson</u>

Defendants contend that Mr. Rogers's allegations fail to state a claim against Officer Thompson in his individual capacity. Although Mr. Rogers does not cite to the violation of any specific constitutional right, the allegations of his complaint describe an assault by Sgt. Reed which resulted in physical harm to Mr. Rogers and Officer Thompson's assistance of Sgt. Reed in that assault. Specifically, in his original complaint, Mr. Rogers states:

> 11. Sgt. Reed and Correctional Officer Reese Thompson came to my cell and ordered me to pack up my belongings and that I [w]as going to solitary confinement. I said to them, "Why am I going to the hold? What did I do? This is wrong .... At this time, both correctional officers grabbed me. C/O Reese Thompson restrained me from behind while Sgt. Reed grabbed me by the front of my neck, choking me.

> 12. They proceeded to drag me to solitary confinement which is E wing. When they dragged me into the cell, C/O Thompson continued to restrain me, my hands still behind my back, I was physically assaulted by Sgt. Reed.

> ...

> 14. I was in no shape or position to warrant this excessive, violent force committed by staff of the Jefferson County Jail and Specifically Sgt. Reed. I was not combative or resisting any request by the officers. Further, I did not disobey any direct orders that I was given. They acted out in an aggressive manner for no apparent reason.

This description of Officer Thompson's involvement is limited but does suggest that, at best, Officer Thompson did not intervene to stop the alleged assault he was witnessing and, at worst, made it easier for Sgt. Reed to carry out the alleged assault.

The substantive constitutional right raised by Mr. Rogers

-11-

arises under the Due Process Clause of the Fourteenth Amendment, because he was a pretrial detainee at the time of the incident. While Estelle v. Gamble, 429 U.S. 97 (1976) and the Eighth Amendment Cruel and Unusual Punishment clause, by their terms, apply only to persons who have been convicted of a crime and, therefore, are subject to punishment, persons who are incarcerated while awaiting trial cannot be treated less favorably than persons who are in prison following conviction. Consequently, although they are not protected by the Eighth Amendment, pretrial detainees are protected by the Fourteenth Amendment Due Process Clause. See Bell v. Wolfish, 441 U.S. 520, 535-37 (1979); see also Leary v. Livingston Cnty., 528 F.3d 438, 443 (6th Cir. 2008) (explaining that pretrial detainees bring excessive-force claims under the Fourteenth Amendment Due Process clause, whereas, "convicted prisoners may bring excessive-force claims under the Eighth Amendment . . . and 'free citizen[s]' may bring such claims under the Fourth Amendment").  "The substantive component of Fourteenth Amendment due process protects citizens against conduct by law enforcement officers that 'shocks the conscience.'"  Harris v. City of Circleville, 583 F.3d 356, 365 (6th Cir. 2009) (citations omitted).  The Court of Appeals has held that the Due Process Clause protects a pretrial detainee from "excessive force that amounts to punishment."  Id. (citations omitted).  Under the Due Process Clause, "an excessive-force claimant must show something more than de minimis force."  Leary, 528 F.3d at 443 (citations omitted).

Further, the Court of Appeals has recognized that a correctional officer who observes an unlawful beating may be liable under §1983 notwithstanding the fact that he or she did not actively participate in the assault.  Gregg v. Ohio Dept. of Youth Services, 661 F.Supp.2d 842, 855 (S.D. Ohio 2009), citing McHenry v. Chadwick, 896 F.2d 184, 187 (6th Cir. 1990).  In

-12-

McHenry, only one of the prison guards was alleged to have played an active role in the plaintiff's beating, but the other corrections officers who were present were also found liable because they breached their duty to protect the plaintiff by failing to intervene.  McHenry, 896 F.2d at 188.

As noted above, the allegations regarding Officer Thompson's conduct are not highly detailed.  However, they are sufficient, at the pleading stage, to state a claim for relief that is plausible on its face, based, at a minimum, on an alleged failure to intervene.  Consequently, the Court will recommend that the partial motion for dismissal be denied with respect to Mr. Rogers' claim against Officer Thompson in his individual capacity.

### D.  State Law Claims

In his amended complaint, Mr. Rogers makes cursory reference to claims including defamation, malicious prosecution, and malpractice.  His language suggests that his defamation claim is directed to all defendants while his claims of malicious prosecution and malpractice are directed to Ms. Keenan-Hanlin. To the extent that any of these claims are based on state law, the Court will recommend that they be dismissed as to Sheriff Abdalla and Ms. Keenan-Hanlin.  Because Mr. Rogers has failed to state a viable federal claim against these defendants, the Court should decline to exercise supplemental jurisdiction over any state law claims against them.  See 28 U.S.C. 1367(c)(3).

### V. Remaining Motions

There are several other motions pending including various discovery motions filed by Mr. Rogers and a corresponding motion to stay discovery and to strike Mr. Rogers' filings.  Also pending is Mr. Rogers' motion for appointment of counsel.

Turning first to the motion to appoint counsel, because this action has not yet progressed to the point that the Court is able

-13-

to evaluate the merits of Mr. Rogers' remaining claims, the
motion for appointment of counsel is denied.  <u>See Mars v.
Hanberry</u>, 752 F.2d 254 (6th Cir. l985).

     With respect to discovery, Mr. Rogers has filed five
separate documents.  Two of these documents request production of
all "video surveillance tapes" and various documents - one
appears intended as a discovery request directed to defendants
and one appears to be a motion to compel requesting an order from
the Court.  The remaining filings include three motions seeking
individually "an order to the plaintiff's through the Jefferson
Cty Common Pleas Court Judge Joseph J. Bruzzese, Jr. to produce
documents for discovery as requested," "the release of all
transcripts regarding Case No. 14CR102," and "production of grand
jury transcripts."

     In response to these filings, defendants have moved to have
them stricken for two reasons.  First, defendants argue that
these filings are premature because no scheduling order is in
place and no Court order has been issued allowing discovery to
proceed.  Further, they contend that motions to compel are
improper because they were not served with any discovery requests
prior to Mr. Rogers' filing his motion.  Additionally, they note
that many of the requested documents are not within their control
but are public record available to both parties.  Defendants also
seek a stay of discovery pending a ruling on the partial motion
to dismiss and seek to have all future discovery motions filed by
Mr. Rogers stricken.

     To the extent that Mr. Rogers has filed a discovery request
directed to the defendants, absent circumstances not present
here, such discovery requests are not to be filed.  Fed. R. Civ.
P. 5(d).  Consequently, defendants' motion to strike will be
granted to this extent.  As for the four other discovery-related
filings, the Court will construe them as motions to compel and

will deny them. First, with respect to motions to compel directed to the defendants, Mr. Rogers cannot "successfully move for an order compelling documents when he did not first seek this information through Rule 34." <u>Nayyar v. Mount Carmel Health System</u>, 2012 WL 203418 (S.D. Ohio January 24, 2012). To the extent any discovery motion is directed to production of documents by a non-party, the vehicle for obtaining such discovery is a subpoena duces tecum under Fed.R.Civ.P. 45. There is no indication from the record that Mr. Rogers has complied with Rule 45 in seeking these documents. His status as a pro se litigant proceeding in forma pauperis does not relieve him of the obligation to comply with the Rules governing discovery. <u>Hansen v. Director, O.D.R.C.</u>, 2013 WL 1915109 (S.D. Ohio May 8, 2013). Further, the Court is without authority to compel the production of documents from a non-party who has not been properly served with a subpoena. <u>Colton v. Scutt</u>, 2012 WL 5383115, *3 (E.D. Mich. Nov. 1, 2012). Consequently, these discovery motions will be denied. Finally, in light of the ruling above on the motion to dismiss, defendants' request for a stay will be denied as moot.

VI. <u>Recommendation and Order</u>

For the reasons stated above, it is recommended that the partial motion to dismiss (Doc. 14) be denied in part and granted in part. The motion should be granted in part as to all claims against the Jefferson County Sheriff's Office, Sheriff Fred Abdalla, and Jefferson County Prosecuting Attorney Jane M. Kennan-Hanlin and any federal claims against Corrections Officer Reese Thompson in his official capacity. The motion should be denied in part as to the federal claims against Officer Thompson in his individual capacity and any state law claims. Further, plaintiff's motions (Docs. 17, 18, 20, 23 and 29) are denied. Finally, defendants' motion to strike and to stay (Doc. 22) is

-15-

granted in part and denied in part as set forth above. Plaintiff's discovery request (Doc. 24) is stricken.

<u>PROCEDURE ON OBJECTIONS</u>

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a <u>de</u> <u>novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de</u> <u>novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).


<u>/s/ Terence P. Kemp</u>
United States Magistrate Judge


-16-