UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Alterik Rogers,

    Plaintiff,

    v.

Sgt. Manard Reed, *et al.*,

    Defendants.

Case No. 2:14–cv–2750

Judge Michael H. Watson

## OPINION AND ORDER

Plaintiff Alterik Rogers ("Plaintiff"), an inmate at the Belmont Correctional Institution ("BCI"), sues Sgt. Manard Reed ("Sgt. Reed"), Officer Reese Thompson ("Officer Thompson"), the Jefferson County Sheriff's Department ("Sheriff's Department"), and Jefferson County Prosecuting Attorney Jane M. Keenan-Hanlin ("Keenan-Hanlin") (collectively "Defendants"), under 42 U.S.C. § 1983, alleging constitutional violations arising out of events that allegedly occurred while he was incarcerated at the Jefferson County Jail. Plaintiff also brings various state law claims against certain Defendants. Defendants, with the exception of Sgt. Reed, moved to dismiss Plaintiff's claims. ECF No. 14. On October 20, 2015, Magistrate Judge Kemp issued a report and recommendation ("R&R") recommending the motion be granted in part and denied in part. ECF No. 30. Plaintiff, proceeding *pro se*, timely objected. ECF No. 31. For the following reasons, the Court **OVERRULES** Plaintiff's objections.

## I. BACKGROUND

Plaintiff's allegations are outlined in the R&R and will not be repeated here. Briefly, Plaintiff sues Sgt. Reed and Officer Thompson for violations arising out of their allegedly violent actions in transferring Plaintiff to solitary confinement.

Plaintiff sues the Jefferson County Sherriff's department based on Sheriff Fred Abdalla's ("Sherriff Abdalla") alleged responsibility for Sgt. Reed's and Officer Thompson's actions.

Plaintiff sues Keenan-Hanlin based on a criminal case that she initiated against him in the Jefferson County Court of Common Pleas.

## II. STANDARD OF REVIEW

If a party objects to an R&R within the allotted time, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Fed R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The motion addressed in the R&R is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). A claim survives a motion to dismiss pursuant to Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). "The plausibility standard is

not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (internal citations omitted).

A court must also "construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). In doing so, however, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). "[A] naked assertion . . . gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility . . . ." *Twombly*, 550 U.S. at 557. Thus, "something beyond the mere possibility of [relief] must be alleged . . . ." *Id.* at 557–58 (internal citations omitted).

Furthermore, *pro se* complaints are construed liberally in favor of the pleader, even though they, too, must satisfy the "facial plausibility" standard articulated in *Twombly*. *See Stanley v. Vining*, 602 F.3d 767, 771 (6th Cir. 2010).

## III. ANALYSIS

Magistrate Judge Kemp recommended that Defendants' motion to dismiss be granted as to all claims against the Sheriff's Department, Sheriff Abdalla, and Keenan-Hanlin as well as any federal claims against Officer Thompson in his official capacity. R&R 15, ECF No. 30. Magistrate Judge Kemp recommended that Defendants' motion be denied as to the federal claims against Officer Thompson in his individual capacity and any state law claims against Officer Thompson. *Id.*

Plaintiff objects, listing nine apparent reasons why the Magistrate Judge erred in his recommendation.

First, with respect to the Sheriff's Department and Sheriff Abdalla, Plaintiff makes the following statements in his objection:

> Suite [sic] against Officers for actions outside the determination of their duty:
>
> (1) Injuring Inmate by unnecessary force for removal from a cell.
>
> (2) Following illegal order to assist to [ ] cause injury to an inmate in the care of Sheriff Abdullah.
>
> (3) Sgt. M. Reed acted outside of Post orders for Supervisor as Sgt.
>
> . . .
>
> (6) As the court instructions allow civil suite [sic] to be for monetary position(s). Plaintiff files for;
>
> (7) Physical injury incurred from Sgt. M. Reed verbal order to remove plaintiff from all by foce without proper authorization of the Post.

Obj. 2, ECF No. 31.

To the extent Plaintiff attempts to argue that he has stated a claim against the Sheriff's Department based on Sgt. Reed's and Officer Thompson's alleged violent and/or illegal actions, his argument is meritless, as Magistrate Judge Kemp correctly noted that a county sheriff's office is not a legal entity capable of being sued. See *Petty v. Cnty. of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir. 2007) (citation omitted).

To the extent Plaintiff intends to argue that he has stated a claim against Sheriff Abdalla based on Sgt. Reed's and Officer Thompson's actions, that argument also fails. Magistrate Judge Kemp determined that to the extent Plaintiff intended to name Sheriff Abdalla as a defendant, he appears to be suing Sheriff Abdalla in his official capacity. R&R 7, ECF No. 30. As such, Magistrate Judge Kemp explained, Plaintiff's claim is treated as one against a municipality, which requires Plaintiff to show that a municipal policy or custom caused his alleged injuries. *Id.* Magistrate Judge Kemp found that Plaintiff has failed to allege a policy or custom relating to any alleged constitutional violation, and accordingly, his claims for damages against Sheriff Abdalla fail. *Id.* at 7–8. Plaintiff's objections fail to remedy this fatal flaw in his claim.

Second, regarding Keenan-Hanlin, Plaintiff states:

> (5) Assistance [sic] prosecutor Jane Keenan-Hanlin gave vent to errors of Post by preventing effective investigation to liable of the State of Jefferson County, Ohio, "Jefferson County Jail, its Agent Sheriff F. Abdullah, order to remove by supervision." Lt. And above unless under emergency circumstances.

. . .

> (9) Assistance [sic] Prosecutor is deemed to be active participant by not, [ ] Investigating claims prior to defense Affidavit the orders of Command and the Post, with copies to the appellant. Allowing statements outside the Post to deter the magistrate from proper findings.

Obj. 2–3, ECF No. 31. To the extent Plaintiff argues that these alleged actions by Keenan-Hanlin state a claim for relief, his argument fails as Magistrate Judge Kemp correctly determined that Plaintiff's claims against Keenan-Hanlin are barred by prosecutorial immunity. *See, e.g., Streater v. Cox*, 336 F. App'x 470, 475 (6th Cir. 2009).

Third, with respect to Plaintiff's claims against Officer Thompson in his official capacity, Magistrate Judge Kemp found that those claims fail for the same reason articulated with respect to Plaintiff's claims against Sheriff Abdalla— Plaintiff failed to identify a policy or custom that caused his alleged injuries. Seemingly objecting to this finding, Plaintiff states:

> (4) Officer R. Thoma [sic] engagement of Inmates Plaintiff used force not instructed for Post b [sic] Sheriff Abdullah mandate or Jefferson County Directive to remove, "Inmate form [sic] cell when necessary."
> . . .
> (8) Officer R. Thompson for participating and not reporting to command for the Post illegally of using unnecessary force by orders of Sgt. M. Reed, causing injury, hurt, and maiming.

Obj. 2, ECF No. 31. Plaintiff's objections are unavailing, as Officer Thompson's use of force in a manner *not authorized* by Sheriff Abdalla or the Jefferson County Directive supports a finding that Officer Thompson was not acting

pursuant to a policy or custom. Absent any assertions otherwise, Plaintiff fails to state a claim against Officer Thompson in his official capacity.

In sum, Plaintiff has failed to show that the Magistrate Judge erred in finding that Plaintiff has failed to state a claim against the Sheriff's Department, Sheriff Abdalla, Keenan-Hanlin, or against Officer Thompson in his official capacity.

## IV. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections, ECF No. 31, and **ADOPTS** the R&R, ECF No. 30. Plaintiff's claims against the Jefferson County Sheriff's Office, Sheriff Fred Abdalla, and the Jefferson County Prosecuting Attorney, as well as any federal claims against Officer Thompson in his official capacity, are dismissed with prejudice.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**