UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
RICHARD W. NAGEL
CLERK OF COURT

2017 MAY -4 PM 1:42

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EASTERN DIV. COLUMBUS

| | |
|---|---|
| **ALTERICK ROGERS, 654770** : | Case No.;2;14-cv-02750 |
| 68518 Bannock Rd. : | JUDGE MICHAEL H. WATSON |
| P.O. Box 540 : | MAG. JUGED TERENCE P. KEMP |
| St. Clairsville, OH 43950 | |
| : | |
| Plaintiff, : | |
| -vs- : | |
| (Sgt.) Manard Reed : | **PLAINTIFF'S MOTION FOR** |
| 16001 State Route 7 : | **SUMMARY JUDGMENT** |
| Steubenville ohio 43952 : | [Pursuant to fed civil R 56 |

<u>C/O Reese Thompson
jefferson Cty jail
16001 State route 7
Steubenville ohio 43952</u>

---

Now comes the plaintiff in the above caption case to move this Honorable Court for Summary Judgment, pursuant to USCS Fed Rules Civil Pro R
56, which states in relevant parts; RULE 56. SUMMARY JUDGMENT.

    (a) Motion for Summary Judgment or partial summary judgment. A party may move for summary judgment, identifying each claim or defense- or the part or each claim or defense –on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reason for granting or denying the motion. (b) Time to a motion . Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery. (c) supporting factual positions . A party asserting that a fact cannot be

1

or is genuinely disputed must support the assertion by; (A) citing to particular parts of materials in the record, including depositions, documents electronically stored information, affidavits or declaration stipulations (including those made for purposes of the motion only) admissions, interrogatory answers, or other materials: or, (b) showing that the material cited do not establish the absence or presence of a genuine dispute, or that the adverse party cannot produce admissible evidence to support the fact.(2) Objection that a fact is not supported by admissible evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. (3) Material not cited. The court need consider the cited material but it may consider other material in the record. (4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matter stated.;

## STATEMENT OF THE CASE;

*Plaintiff has filed his complaint against Defendants Sgt.M. Reed , C\O Reese Thompson, in both their individual and official capacities for their physical participation of assaulting the Plaintiff, Alterik Rogers was a pretrial detainee, while being held in the Jefferson county jail stated that; On January 30 2014 at approx 3;pm---at the Jefferson county jail .... in cell 506 While on lockdown the remote for the television was in the hands of inmate DAUN HARRIS; WE the inmates was all jokingly in conversation, telling DAUN HARRIS " to turn the channels. At this time the porter David Dameron came into A-wing to change the trashcan. I toll Daun Harris that I was going to two piece the drunk driver in a jokingly ......<u>(Certify Affidavits by inmates admits that all inmates were "joking")</u> [AND THERE WAS KNOW REASON TO TAKE PLAINTIFF TO THE HOLE:} OUT of nowhere Sgt. REED started to yell at me and said you threatening my porter. HE Sgt reed. Order C\O Milewsky to open up my cell. Sgt Reed and C\O Thompson came to my cell and order me to pack up my belongings.... Sgt.Reed stated you*

2

*are going to solitary confinement. I said to them why am I going to the hole, What did I do ? This is wrong! this is some pussy shit you are doing . At that point both C/Os grabbed me, Sgt. Reed grabbed me by my neck choking me and C/O Thompson restrained from behind. They dragged me to solitary confinement which is E wing .When they dragged me into the cell C/O Thompson continued to restrain me with handcuffs on, my hands behind my back. My back was turn towards both officers thats when Sgt. Reed begin to punch plaintiff from behind, plaintiff was physically assaulted by Sgt. Reed while plaintiff was restrained by C/O Thompson, the plaintiff was not trying to escape, start a riot or trying to harm him self or any of the officers of Jefferson county jail.*

ARGUMENT AND LAW:

STANDARD OF REVIEW : DEFENDANTS ACTED OUTSIDE THE SCOPE OF THERE DUTY. ;IN THE SUIT AGIANST OFFICER AND EMPLOYEES OF THE STATE" CITING: THE ACTIONS BY THE DEFENDANTS WERE NOT PERFORMED WITHIN THE SCOPE OF THEIR EMPLOYMENT OR RESPONSIBILITIES AND WERE DONE WITH A MALICIOUS PURPOSE ;RC 9.86. COOPERMAN V. UNIVERSITY SURGICAL ASSOCIATES INC. SGT. REED BEAT PLAINTIFF IN THE BACK OF HIS HEAD REPEATEDLY WHILE PLAINTIFF WAS IN COMPLIANCE AND IN RESTRAINS. DEFENDANTS HAVE NOT PRERSENTED EVIDENCES THAT PLAINTIFF WAS TRYING ESCAPE, OR TRY TO ASSAULT OFFICERS AT JEFFERSON COUNTY JAIL. THIS WAS CRUEL AND UNUSUAL PUNISHMENT CLAUSE BY C/O.REESE THOMPSON, SGT.REED; PURSUANT TO OHIO ADMINISTRATIVE CODE AND FULL SERVICE JAIL ADMINISTRATIVE SECURITY CODE (NOT ACCESIBLE BY INMATES) STATE THAT WHENEVER AN INMATE IS BEING TRANSPORTED TO SEGREGATION, THE INMATE SHALL BE IN RESTRAINTS (HANDCUFFS/OR BELLIE CHAINS, LEG SHACKLES) PLAINTIFF WAS IN RESTRAINTS AN WAS NOT RESISTING OR TRYING TO BREACH SECURITYOR DANGER HISELF OR OTHERS. CITING; UNDER THIS

CIRCUIT'S EXISTING CASE LAW, THERE UNDOUBTEDLY IS A CLEARLY ESTABLISHED LEGAL NORM PRECLUDING THE USE OF FORCE AGAINST A CRIMINAL SUSPECT WHO ALREADY HAS BEEN SUBDUED AND DOES NOT PRESENT A DANGER TO HIM SELF OR OTHERS.SEE GRAWEY V. DRURY, 567 F.3d 302 (6th CIR.2009) ("The general consensus among all cases is that officers cannot use force... on a detainee who has been subdued" and "is not resisting arrest"); see also Bultema v. Benzie County, 146 Fed. Appx. 28, 37 (6th Cir. 2005) (unpublished) ("when a suspect has already been restrained, the officer's constitutional authority to use force is significantly more circumscribed"). As noted in Bultema, it is clearly established in this circuit that "the gratuitous use of force on a suspect who has already been subdued and placed in handcuffs is unconstitutional." Id. At 35. Although Bultema is an unpublished opinion, the Courts have reached the same conclusion in a number of reported opinions. See, e.g. [26] Champion v. Outlook Nashville. Inc., 380 F.3d 893, 905 (6th Cir. 2004) (holding that "no reasonable officer would strike a handcuffed arrestee in the head); Adams v. Metiva, 31 F.3d 375, 387 (6th Cir. 1994) ("A reasonable person would know that spraying mace on an ... incapacitated person ... would violate the right to be free from excessive force"); McDowell, 863 F.2d 711, 714 (6th Cir. 1985) (holding that beating and kicking restrained suspects who are in the control of the police is "plainly excessive" (force). Thus, even if it were unclear whether the Fourth or Fourteenth Amendment governs Harris's excessive force claims, the legal norms underlying those claims were nevertheless clearly established.

Defendant clearly violated the prohibition of the use of excess force for an arrestee who was subdued as evidenced that he was in handcuffs and was walking of his own accord to Segregation.(see affidavits exhibits ) CERTIFY AFFIDAVIT BY FRANCISCO ORTIZ: ASWELL AS AFFIDAVIT OF RANDALL FAZIO JR. Clearly states that { "Plaintiff walk with a limb"}  The defendant is obligated to use minimal force once the arrestee is subdued. DEFENDANT'S ACTION WAS NOT {*de minimis* uses of

4

physical force,} Sgt Reed struck plaintiff in the back of the head with his fist. Plaintiff was also struck in the temple by the defendant. Defendant then proceeded to hit the plaintiff 7 or 8 times. Plaintiff was knocked unconscious at one point then awakened by another punch to the head." Referring to all eyewitness statements confirmed and unconfirmed submitted by the plaintiff none heard the plaintiff threaten the defendants in any form. In fact, all statements was certified and notarized by plaintiff's Atty Aaron Miller: And all statements confirms the plaintiff's complaint, And the defendants have offered no evidence to refute eyewitness statements or the plaintiff's complaint. Plaintiff's has submitted request/motions for discovery asking for the production of all relevant video recoding and transcripts of various motions asking the defendants too disclose all civil and criminal complaint made against both defendants as well as all complaints made against both defendants by other inmates in Jefferson county jail, they have refuse to produced any material that will prove or disapprove all federal complaints made by plaintiff in this action suit. Plaintiff sued the Jefferson county Sheriffs department based on Sheriff Fred Abdalla's (Sheriff Abdalla) alleged responsibility for Sgt. Reed and officer Thompson actions. Plaintiff sued Keenan-Hanlin based on a criminal case that she initiated against him in the Jefferson county court of common pleas, in which she used false allegations from Sgt.Reed to gain an indictment against the plaintiff. This Honorable court has dismissed the claims against "Sheriff Abdalla", Keenan-Hanlin and C/O Thompson (in his official capacity only ) on November 13,2015, stating, ".....default claims against the Jefferson county Sheriffs office, Sheriff Fred Abdalla and Keenan-Hanlin as well as any federal claims against C/O Thompson in his official capacity, are dismissed. Sgt. Reed never filed any defense or denied any of the complaints against him at all. C/O Thompson,has only been found not to be liable in his official capacity, The complaint is also filed against C/O Thompson in his individual capacity. Summary Judgment should be granted against Sgt.Reed both in his official and individual capacity" and corrections officer Reese Thompson individual capacity. Sgt. Reed has failed to provide or present any evidences at all for the assault and conspiracy and

*defamation of character allegations. Sgt. Reed has not offered any evidence to refute the conspiracy allegation against him. Sgt. Reed has used his professional position as a corrections Sgt. And his personal relationship with prosecutor Hanlin to charge plaintiff with a crime in order to cover up his wrongful assault against the plaintiff. The alleged threat toward Sgt. Reed, that the plaintiff "would shoot him on the street" was a complete fabrication. The plaintiff never made a threat to Sgt. Reed on January 30 2014. This is a false allegation made up by the defendants. In fact, Sgt. Reed had previously harassed and made the same false allegations toward the plaintiff Alterik Rogers on January 18th, 2014 as shown on the* <u>Affidavit of THE PLAINTIFF'S ALTERIK ROGERS AND Willis Stackhouse.</u> *Sgt. Manard Reed has a history of provoking and assaulting inmates in Jefferson county jail.* **In fact, Sgt Reed was sued in 2014 for assaulting another inmate at the Jefferson County Jail. See:** <u>ROSE v. REED , 2014 U.S. Dist. LEXIS 80899,</u> **the record show that Sgt. Reed beat and assault inmates at will" Sol Rose never rebuked or threatening on said anything wrong towards Sgt. Reed. Sgt. Reed was the one going after inmates he didn't like. just like he targeted Sol Rose, Sgt Reed targeted plaintiff. Sgt. Reed beat and punch on the plaintiff like he was a punching bag . The case at bar is very similar to Sol Rose case #Lexis 80899: Sgt. Reed even threatening to punch Sol Rose 10, 20 times, Sgt. Reed acted as he was the judge jury and punisher he beat and assaulted the plaintiff without no regards for the law, this is why he charge me with fabricated charges and false testimony because he already had the assault investigation open. The first false testimony is the voluntary statement from David Dameron and the incident report, in which Sgt. Reed documented both and swore under oath at the court of common pleas that the voluntary statements are true " Sgt. Reed even went out his way and used his personal relationship and influence of prosecutor Keenan Hanlin and added David Dameron to the witness list on the bill of particulars, case** <u>#14-CR 012.</u> **"that to also is on record. But Sgt. Reed then changes his statement which is on record.**

See Exibit 1F - Sgt. Reed, in a manner that has not yet been determined, possibly

6

through coercion, enticed, assisted and provided the text of a "Voluntary Statement" form from the Jefferson County Sheriff's Office in an attempt to falsify evidence. It is obvious from the hand writing on the first three lines of the form that it was completed by Sgt. Reed, not David Dameron. The statement itself is a fabrication. The time that Sgt Reed completed on this form is listed as 21:00, referring to 9pm. The time defendant's remove me from the cell was around 2:30 and 4:00pm. Not 2100 hours. A civilian/inmate would have written 9pm, not 21:00 using military time. Immediately after assisting and providing the text of this form for David Dameron to complete at 21:00, Sgt. Reed then completed his Incident Form dated 1/30/14 at 21:07, seven minutes AFTER the fabrication of the "Voluntary Statement".

EXHIBIT (1F). After I disclose certify affidavits to his attorney and the courts. That was taken by my attorney at the time Aaron Miller, from many witnesses and the plaintiff that was incarcerated at Jefferson county jail. That proves that I never threaten David Dameron his (trustee) which was the reason why Sgt. Reed pulled me out my cell. EXHIBIT (1E) INCIDENT REPORT. On the above date 1/30/14/ Sgt. Reed states that he was standing by the door in A-pod *while inmate David Dameron was filling the water bucket and changing the garbage bags in the trash can in pod-A. This Sgt over heard inmate Brian Macneil tell inmate David Dameron that he was going to two-piece inmate David Dameron tomorrow morning. Sgt Reed used his authority to fabricate documents, reports and testimony to cause plaintiff, pain, suffering and defamation of character,which caused plaintiff to be indicted on all counts. The certify affidavit of Anthony Elmore proves and shows Sgt. Reed ulterior motives and that his incident report and statements are fabricated, Anthony Elmore states that while Sgt. Reed was standing in the door way to the pod-E looking up at my cell yelling to me . You heard him threatening me, right? Elmore states: I never heard a threat so I didn't respond to his question , So Sgt. Reed then go into the main control room and came over my emergency communicator and ask me for my signature or a statement? Sgt. Reed states on record, after reviewing affidavits that was turn over by the plaintiff to his attorney that the*

7

*plaintiff threaten me in the sally port while being escorted to E-pod. But why would Sgt. Reed ask Anthony Elmore statement and signature,(1) For one Sgt. Reed knew I never threaten to harm him or any of the officers of Jefferson county jail. Sgt Reed was trying to get anyone he knew personally, to write a statement against me just like he convinced David Dameron to fabricated a statement. Then Sgt Reed states in the same <u>Affidavit by Mr. Elmore; That he was going to Jane Hanlin personally the 1st time I called her. This time i'm going to her personally,</u> (WHY DID SGT. REED CALL PROSECUTOR JANE HANLIN ABOUT THE PLAINTIFF THE FIRST TIME?) plaintiff's affidavit clearly shows Sgt. Reed personal animus towards the plaintiff, Sgt. Reed in being friends with prosecutor Jane Hanlin and also by being familiar with the court system, knew by getting the plaintiff charge with threatening him would make the changes of the plaintiff to get indicted for felonious assault against his family member Robert G Washington. Sgt. Reed conspired, assaulted, maliciously prosecutor and committed defamation. Jane Hanlin is a prosecutor in Jefferson county, This took place on 1/30/14. Then consequently 2/4/14. days later, I was indicted by these fabricated statements made by Sgt. Reed.*

<u>EXHIBIT (1B-1C- AND THE PLAINTIFF AFFIDAVIT BY ROGERS AND GROUP STATEMENT) AFFIDAVIT REPORT.</u>

On 1/18/2014, Sgt. Reed, made false allegations against plaintiff prior to the incident on 1/30/2014, stating that plaintiff was threatening him and that he felt that his life was in danger he also stated that plaintiff was going to shoot him which too was fabricated, not only that, Sgt. Reed stated that he was going to his Friend Prosecutor Jane Hanlin on the matter. This too will prove that Sgt. Reed was indeed maliciously conspiring to prosecute plaintiff as he continues to use false allegations, in order to get plaintiff indicted. <u>AFFIDAVIT/MADE BY RANDALL FAZIO JR. STATES ON JANUARY 30-2014 I WAS IN MY CELL I COULD HEAR LOUD VOICES, SO I WENT TO MY CELL DOOR WINDOW TO SEE WHAT ALL THE COMMOTION WAS? AS I LOOKED OUT, I SEEN SGT.REED WITH C/O THOMPSON ESCORTING MR.ROGERS TO THE HOLE (SEGREGATION) AS THEY CAME THROUGH THE SCURITY DOOR TO ENTER THE SALLY PORT IN FRONT OF D-BLOCK. WHICH LEADS TO SEGREGATION.</u>

<u>THE VOICES BECAME CLEARER. AT THIS TIME , I WITNESSED SGT.REED PUSH MR. ROGERS THROUGH THE DOOR . MR ROGERS WAS PLEADING WITH SGT.REED "PLEASE DONT HIT ME, I AINT RESISTING" ROGERS CONTINUE TO MOVE FORWARD, HE NEVER RESISTED DETAINMENT. AS THEY APPROACHED THE ACTUAL DOOR LEADING TO E-BLOCK, ROGERS WAS SNATCHED UP BY REED AND SLAMMED INTO THE SECURITY DOOR. I WITNESSED ROGERS HAVING HANDCUFFS ON WHILE TRYING TO CARRY HIS PERSONAL STUFF, THEREFORE THERE WAS NO WAY THAT HE COULD RESISTED THE OFFICERS IN QUESTION";</u>

Therefore, Plaintiff moves for "Summary judgment" against Sgt. M, Reed of the full relief sought of five hundred thousand dollars, ($500,000) and the additional six hundred fifty dollars ($650.00) for the return of filing fees and costs to prepare documents and postage in this case.

Counsel for Defendants Manard Reed, Reese Thompson argues that plaintiff never sought medical treatment at Jefferson county jail. Plaintiff adamantly stated that he was denied medical treatment by Sgt. Reed and the staff of Jefferson county jail that work on Sgt. Reed shift, and plaintiff duration of his time at Jefferson county jail. Plaintiff stated on record for the court in all truthfulness that he suffer injuries sustained were dizziness, blurred vision,loss of balance severe headaches, memory lost slurred speech and swelling of the cranium, ring sound in his head and ear. Plaintiff asserts he was not trying to escape or fight back, and that the unprovoked punches to his head and temple could not be considered a good-faith effort to restore discipline. Not are those injuries de minimis. See <u>Hudson v. McMillian, 503 U.S. 1, 10, 112 S. Ct. 995, 117 L. Ed. 3D 156 (1992)</u> (bruise, swelling, loosened teeth, and a cracked dental plate not de minimis for <u>Eighth Amendment</u> claim need not prove that he suffered serious physical injury.) Accordingly, plaintiff's evidence supports a claim against Sergeant Reed for excessive use of force in violation of his <u>Fourteenth Amendment</u> Due Process protections.

9

C/O Thompson" play a major role and and should be held more responsible for he stood by while Sgt. Reed assaulted the plaintiff from behind while the whole time plaintiff was restrained. However the Magistrate stated in their recommendation filed on October 20,2015 , Further the court of appeals has recognized that a correctional officer who observes an unlawful beating may be liable under 1983. Notwithstanding the fact that he or she did not actively participated in the assault. Gregg v. Ohio dept of youth services. 661 F. Supp. 2Nd 842, 855 (S.D. Ohio 2009),citing McHenry v. Chadwick,896 F.2d 184.187 (6th- Cir. 1990. McHenry, only one the prison guards was alleged to have played an active role in the plaintiff's beating, but the {*18} other corrections officers who was present were also found liable because they breach their duty to protect the plaintiff by failing to intervene .McHenry,896 F.2d at 188.' Counsel for the Defendants argues that under Combs v. Wilkinson, that inmate are to be subjected to physical contact actionable as assault under common law. But under, Combs v. Wilkinson, It Do not state that a inmate should be assaulted from behind while in restrains or subjected to false criminal charges by officers. "County's failure to adequately train its officers in constitutional limits of use of force constituted deliberate indifference to safety of the county's inhabitants, for purposes of 42 USCS &1983, action by five citizens who were arrested without probable cause, beaten by officers, and then subjected to false criminal charges by officers. Davis v. mason county (1991,CA9 wash) 927 F2d 1473, 91 CDOs 1746, 91 Daily Journal DAR 2868, 33 Fed Rules Evid Serv 825, 19 FR Serv 3d 952, and on other grounds, remanded (1991, CA9) 91 CDOS3216, 91 daily journal DAR5246 and on other grounds (1991, CA9 wash) 91 Daily journal DAR6700 and cert den (1991) 502 US 899, 116 L Ed 2D 227, 112 and criticized in thorne-Erickson v. Secretary of HHS (1991,Ct Fed Cl) 1991 US Claims LEXIS 292). CERTIFY AFFIDAVIT BY FRANCISCO ORTIZ: ASWELL AS AFFIDAVIT OF RANDALL FAZIO JR. Clearly states that: { Alterik Rogers walk out slowly because of his disability} { "Plaintiff walk with a limb"} and that what pisses Sgt. Reed off, then Sgt Reed walk up the stairs grab plaintiff by the neck and dragged him out of the pod-a. MR. ORTIZ . Also stated in the same affidavit that once Sgt. Reed" Hears

10

Alterik Rogers voice, Sgt walk up the stairs and tells MR. ROGERS to pack up you are going to lockup. <u>ALL AFFIDAVITS THAT WAS TAKEN BY OFFICER OF THE COURT ATTORNEY AARON MILLER AND BY NOTARY PUBLIC,CITING 28 USCS& 1746: ARE TRUTHFUL AN REFERENCES TO THE PLAINTIFF'S AND DEFENDANT'S ACTIONS. SHOULD BE GRANTED BY THIS HONAROBLE COURT TO BE USED AS EVIDENCE., THE AFFIDAVITS REFUTE DEFENDANTS TESTIMONY AND STATEMENTS AND SHOWS DEFENDANTS INTENIONS ON THE 1-18-2014 AND 1-30-2014 AND THERE ACTIONS WERE MALICIOUS AND OUT SIDE THE SCOPE OF THERE DUTY.</u> Counsel for the defendants argues they are entitled to Qualified Immunity.

<u>Citing; The unnecessary and wanton infliction of pain by jail or prison guards beating a cuffed or restrained inmate is cruel and unusual punishment forbidden by US Const. Am 8 and was well established as such in 1984</u>; this being the case, guards do not have qualified immunity. Plaintiff was actually restrained and beaten by Sgt. Reed, for no apparent reason other than Sgt. Reeds personal dislike for plaintiff" Sgt. Reed actions was unconstitutional and he violated plaintiff with excessive cruel and unusual force. A pretrial detainee's right to be free from the use of excessive force amounting to punishment was "clearly {*27} established" law at the time of the underlying conduct. See, e.g., <u>Leary v. Livington Cty. , 528 F.3d 438, 433</u> (quoting <u>Graham v. conner, 490 U.S. 386, 395 n. 10 109 S. Ct. 1865, 104 L.Ed. 2d. 443 (1989): United States v. budd, 496 F. 3d 517 , 530 (6th Cir. 2007)</u>

(Haynes v. Marshall C.A.6 (Ohio)1989887 F.2d 700

<u>AFFIDAVIT BY ANTHONY ELMORE"</u> Clearly states when they finally got to the cell Sgt. Reed and c/o Thompson went into the cell. I then heard another commotion like it was a physical altercation inside the cell. I then hear inmate Macneil say "Now what was that for" I know Macneil personally so when I hear the commotion I asked Macneil "What's up and is he alright??" He stated to me Sgt. Reed just beat me. Anthony Elmore also stated" That he knows both parties personally and I believe what's right is right, Now if Sgt Reed would of just hit hit

11

Macneil and left it at that, this" statement would of never came into play, but for him to beat Macneil and then press charges on him because he know the prosecutor personally, that I believe was excessive and crossed the line, making us inmates look like "punching bags" and "targets" for cases. Defendants actions was not of good-faith effort to restore prison security. There defense is not base on good faith clause : There actions was surly out-side the scope of there duty the defendants assaulted the plaintiff in wanton reckless manner and thus are not immune from suit. <u>Citing: police officers did not have qualified immunity from&& 1983. excessive force claim brought by arrestee; jury could find that police knowingly violated established right to be free of excessive force when they allegedly jumped upon arrestee. Dunn v. village of Put-In-Bay (N.D. Ohio,11-04-2003) 291 F. Supp. 2d.647 Civil Rights~ 1376(6).</u> STATEMENTS OF THE FACT; Defendants understood clearly that the on the date 1-30-14 plaintiff was not trying to breach security at Jefferson county jail or even trying assault staff or other inmates, Their actions was out of bad faith and animus. <u>AFFIDAVIT BY STEVEN WEST ;CLEARLY STATES HE DID NOT SEE OR HEAR MR. ROGERS RESIST OR THREATEN SGT. REED OR REESE THOMPSON ON JANUARY 30 2014: HE ALSO MENTION ANOTHER INMATE WHO ALSO WAS ON D-POD WITH HIM' INMATE ANTHONY THORNE WHO STATED HE FELT LIKE SGT. REED HAD A PROBLEM WITH MR.ROGERS BECAUSE MR.ROGERS HAD A PROBLEM WITH SGT REED'S FAMILY BEFORE BEING INCARCERATED AT JEFFERSON COUNTY JAIL: AFFIDAVIT BY ZACHARY HAZELTINE ALSO SHOWS SGT. REED ASSAULTED OTHER INMATES. MR. HAZELTINE TELL SGT.REED THAT I GOT PEPPER SPRAY, AND I CANT SEE . SGT. REED THEN GRABB ME BY THE NECK AND SLAMMED ME ON THE GROUND"ALL I WANTED WAS MEDICAL ATTENTION AND I GOT THE OPPOSITE, I GOT ASSAULTED.. ..</u>

<u>AFFIDAVIT/MADE BY RANDALL FAZIO JR. STATES ON JANUARY 30-2014 I WAS IN MY CELL I COULD HEAR LOUD VOICES, SO I WENT TO MY CELL DOOR WINDOW TO SEE WHAT ALL THE COMMOTION WAS? AS I LOOKED OUT, I SEEN SGT.REED WITH C/O THOMPSON ESCORTING MR.ROGERS TO THE HOLE (SEGREGATION) AS</u>

THEY CAME THROUGH THE SCURITY DOOR TO "ENTER THE SALLY PORT IN FRONT OF D-BLOCK. WHICH LEADS TO SEGREGATION. THE VOICES BECAME CLEARER. AT THIS TIME , I WITNESSED SGT.REED PUSH MR. ROGERS THROUGH THE DOOR . MR ROGERS WAS PLEADING WITH SGT.REED "PLEASE DONT HIT ME, I AINT RESISTING" ROGERS CONTINUE TO MOVE FORWARD, HE NEVER RESISTED DETAINMENT. AS THEY APPROACHED THE ACTUAL DOOR LEADING TO E-BLOCK, ROGERS WAS SNATCHED UP BY REED AND SLAMMED INTO THE SECURITY DOOR. I WITNESSED ROGERS HAVING HANDCUFFS ON WHILE TRYING TO CARRY HIS PERSONAL STUFF, THEREFORE THERE WAS NO WAY THAT HE COULD RESISTED THE OFFICERS IN QUESTION"; CITING; IMMUNITY UNDER FEDERAL LAW IS DISTINCT FROM OHIO LAW; UNER THE FEDERAL CONCEPT OF IMMUNITY, AN EMPLOYEE IS NOT ENTITLED TO IMMUNITY WHEN THERE ACTIONS ARE OUTSIDE THE SCOPE OF HIS EMPLOYMENT OR ACTED WITH MALICIOUS PURPOSE, IN BAD FAITH, OR IN A WANTON AND RECKLESS MANNER,A pretrial detainee's right to be free from the use of excessive force amounting to punishment was clearly {*27} established" law at the time of the under lying conduct. See, e.g.., Leary v. Livingston cty., 528 F.3d 438, 443(quoting Greham v. Connor, 490 U.S. 386, 395 n. 10, 109 S. Ct 1865, 104 L. Ed. 2D 443 (1989)); United States V. Budd, 496 F.3d 517. 530 (6th Cir. 2007) 9citation omitted).

defendant's should have known that their conduct violated plaintiff's constitutional rights under the clearly established"law at that time . In Harris v. City of Circleville, 583 F.3d 356,367(6th Cir 2009), the court of appeals considered the state of the "clearly established"law with respect to Fourteenth Amendment excessive force claims. There was and open question as to whether the Fourteenth Amendment "shock the conscience" standard or the Fourth Amendment's less stringent "reasonableness" standard was the appropriate standard for the excessive-force claim, and the court of Appeals held that under either standard, the facts taken in light most favorable to the plaintiff were sufficient to establish a violation of the plaintiff's rights and qualified immunity was not available. Id. At 365. In reaching its holding, the court of Appeals described the clearly established law regrading excessive force under either the Fourth or Fourteenth

<u>Amendment</u>  Defendant's clearly violated plaintiff's established Due process rights. (holding that "no reasonable officer would strike a handcuffed arrestee in the head); Adams v. Metiva, 31 F.3d 375 387 (6th cir. 1994)

## CONCLUSION

Defendant's should be held liable, accountable for defamation. conspiracy, malicious prosecution and assaulting plaintiff there actions violated plaintiff rights and Due process rights. Their intentions and actions were very malicious and violated plaintiff's constitutional rights.

Therefore plaintiff respectfully request that this honorable court grant plaintiff's motion for Summary judgment.

Respectfully submitted,

*Alterik Rogers*

**ALTERIK ROGERS # 654770 PRO SE.**
**P.O. BOX 540**
**ST. CLAIRSVILLE OHIO 43950**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON THE 24 Day OF April 2017 MAIL TO ATTORNEY FOR DEFENDANT'S AND TO COURTS. BY US MAIL.