UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ALTERIK ROGERS**, *a.k.a.*, Brian MacNeil,

    *Plaintiff,*

-vs-

**SGT. MANARD REED**, *et al.,*

    *Defendants.*

Case No. 2:14-cv-02750

**JUDGE MICHAEL H. WATSON**

**MAG. JUDGE TERENCE P. KEMP**

### **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT [ECF No. 42]**

### **AND**

### **RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF No. 47]**

**I.**     **CURRENT PROCEDURAL POSTURE**

On August 16, 2016, this Court issued a scheduling order for this matter which, among other things, established that the discovery deadline for this matter was on December 31, 2016, and that the deadline for any motion for summary judgment was on January 31, 2017. ECF No. 33.

On January 31, 2017, Defendants Manard Reed and Reese Thompson moved this court for summary judgment in accordance with this Court's scheduling order. ECF No. 42. That Motion is based upon Plaintiff's failure to satisfy the objective and subjective components of an excessive force claim as well as the Defendants' entitlement to immunity. *Id*. Despite a clerical error on the certificate of service for Defendants' Summary Judgment Motion, the motion was

duly served on Plaintiff on January 31, 2017.[1] ECF No. 46. However, due to the clerical error found in Defendants' Motion for Summary Judgment, this Court set forth an order to ensure that Plaintiff was served a copy of Defendants' Motion for Summary Judgment (again) and that Plaintiff was provided adequate time to respond to that motion. ECF No. 45. Re-service of Defendants' Motion for Summary Judgment was completed on April 7, 2017 [ECF No. 46], which rendered Plaintiff's opposition to summary judgment due on April 28, 2017, or May 1, 2017, in consideration of the mailbox rule. See ECF No. 45.

Instead of filing a responsive brief to Defendants' Motion for Summary Judgment, Plaintiff apparently filed his own Motion for Summary Judgment on May 4, 2017. ECF No. 47. To the extent warranted, Defendants will utilize this filing as both their reply in support of Defendants' Motion for Summary Judgment and their response in opposition to Plaintiff's Motion for Summary Judgment. ECF Nos. 42 and 47, respectively.

## II. RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

At the outset, it should be noted that Plaintiff's Motion for Summary Judgment (which is also arguably his response in opposition to Defendants' Motion for Summary Judgment) is untimely under any conceivable deadline. The deadline for any motion for summary judgment was on January 31, 2017, pursuant to this Court's scheduling order. ECF No. 33. Plaintiff's purported motion for summary judgment was filed on May 4, 2017, and offers no explanation for the more than three month delay between this Court's deadline for dispositive motions and Plaintiff's filing. ECF No. 47. To the extent Plaintiff seeks summary judgment on his claims, his most recent filing [ECF No. 47] should be stricken as untimely.

---

[1] The clerical error on the certificate of service was that Plaintiff's old address for the Jefferson County Jail was listed. However, Defendants' Motion for Summary Judgment was served upon Plaintiff at his current address at the Belmont Correctional Institution.

2

To the extent that this Court does not deem that Plaintiff's Motion for Summary Judgment is untimely, Defendants respond in opposition as set forth below.

Substantively, Plaintiff relies almost exclusively on the conclusory allegations set forth in his pleadings as support for his summary judgment motion. See ECF No. 47, generally. Plaintiff also attaches "affidavits" to his Motion for Summary Judgment which were previously attached to Plaintiff's Complaint and have already been addressed in Defendants' Motion for Summary Judgment. ECF 42, Page ID 506-07.

While Plaintiff attempts to pass all of these documents off as "affidavits," many of them are not notarized. See ECF No. 47-1, Page ID 770, 775, 776, 777. Most of the "affidavits" have absolutely no testimony concerning the ultimate issue of this case's pending dispositive motion (whether Plaintiff's allegations of excessive force are actionable based upon the evidence in the record) and/or contain inadmissible hearsay. *Id*., Page ID 767-81. Multiple statements do not even mention January 30, 2014, the day the alleged misconduct took place, but instead reference seemingly random events that occurred either before or after that date and multiple statements reference things the affiant only heard from a secondary source.

Interestingly, Plaintiff neglects to acknowledge that the statements he attaches to his motion for summary judgment which actually relate to January 30, 2014, refute many, if not all of his allegations. For example, Randall Fazio, Jr., Steven West, and Anthony Elmore describe Plaintiff as being "escorted" to the segregation unit, not "dragged." See ECF No. 47-1, Page ID 772, 778, and 781. Additionally, Plaintiff wholly omits the fact that none of the statement he has produced show that any witness ever saw Plaintiff struck by anyone, including Defendants. *Id*., Page ID 767-81.

Inmate Elmore's statement only provides that Plaintiff had told Elmore that Plaintiff had been "hit twice" immediately after being placed in the segregation cell. *Id*., Page ID 781. That

3

statement also provides that Plaintiff began laughing about the alleged event immediately thereafter. *Id*. This statement from inmate Inmate Elmore provides a stark contradiction from Plaintiff's pleadings where he alleges to have been hit 7-8 times and "knocked unconscious." Compare *Id*., Page ID 781 with ECF No. 1, ¶ 13. Defendants vehemently deny the alleged assault ever took place and Inmate Elmore's statement concerning Plaintiff being hit in the head twice is inadmissible hearsay, as Inmate Elmore did not actually witness any such act.

Plaintiff also admits that he was already injured and in pain at a "nine or ten" from an alleged car accident, which occurred approximately two weeks before the incident alleged here and was the subject of a federal lawsuit for which summary judgment was granted in favor of Defendants, including Jefferson County. See ECF No. 42-10, Page ID 716; and *Rogers v. State of Ohio*, Case No. 2:15-cv-1877, 2016 WL 6070358 (S.D. Ohio Oct. 17, 2016). Plaintiff introduces no evidence, medical testimony, or medical opinion that any of the injuries claimed in this lawsuit were distinct from those he alleged in his other federal lawsuit involving a minor automobile accident that resulted in no property damage. In that case, Plaintiff was seen by the jail nurse shortly after an alleged car accident, yet there is no evidence whatsoever that Plaintiff sought any medical assistance after he claims to have been the victim of excessive force by the medical staff at Jefferson County Jail, Lorain Correctional, or at Belmont Correctional Institution. See *Rogers*, 2016 WL 6070358, at *2; and ECF No. 42-10, 722-23.

Assuming for the moment that Plaintiff's Motion for Summary Judgment were timely, Plaintiff has wholly failed to demonstrate that he is entitled to judgment as a matter of law. Beyond Plaintiff's conclusory allegations, the record reflects that Plaintiff made express threats against an inmate and was punished by being escorted to solitary confinement. Plaintiff disagrees with his punishment, but admits to "jokingly" threatening another inmate. While being escorted to solitary confinement, Plaintiff resisted and threatened Sergeant Reed by claiming he

4

3843717.1 : 01304 00321

would "send bullets your way." After Plaintiff was escorted to solitary confinement, he claimed to another inmate to have been hit twice, but was laughing about it and never requested any medical assistance. Even if Plaintiff's Motion for Summary Judgment were timely filed, Plaintiff is not entitled to judgment as a matter of law.

**III.  REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Despite the clerical error on the certificate of service on Defendants' Motion for Summary Judgment, Plaintiff was duly served a copy of Defendants' Motion for Summary Judgment on January 31, 2017. ECF No. 46. Pursuant to this Court's Rules, Plaintiff was to respond to Defendants' Summary Judgment Motion on or before February 21, 2017, yet he did not do so. Plaintiff offers no contradiction to these facts in his most recent filing. ECF No. 47.

Regardless of Plaintiff's original failure to timely respond to Defendants' Motion for Summary Judgement, Plaintiff was served with Defendants' Motion for a second time on April 7, 2017 [ECF No. 46], which rendered Plaintiff's opposition to summary judgment due on either April 28, 2017, or May 1, 2017 (in consideration of the mailbox rule). See ECF No. 45. Plaintiff, however, did not file his "Motion for Summary Judgment" or any filing that could be construed as a response in opposition to Defendants' Motion for Summary Judgment until May 4, 2017. See ECF No. 47. Even if Plaintiff's Motion for Summary Judgment is construed to be his response in opposition to Defendants' Motion for Summary Judgment, that response was filed untimely.

To the extent that this Court considers Plaintiff's "Motion for Summary Judgment" to be both timely filed and that it is the presumed response in opposition to Defendants' Motion for Summary Judgment, Defendants' now reply in support of their motion for summary judgment.

5

Plaintiff readily admits in his "Motion for Summary Judgment" that he "was going to two-piece the drunk driver." ECF No. 47, Page ID 754. Plaintiff attempts to characterize this statement as having been made "jokingly," however, the statement was an express threat against another inmate. See ECF No. 42-11, Page ID 741. As a result, Plaintiff was ordered to pack his belongings and proceed to solitary confinement to which he responded by yelling "Why am I going to the hole? What did I do? This is wrong, this is some p**** a** shit you are doing!" ECF No. 42, Page ID 506 (citing ECF No. 1, page 3, ¶ 11) and ECF No. 47, Page ID 755 (expletives deleted).

While being escorted to solitary confinement, Plaintiff threatened Sergeant Manard by stating that he "will see you [Sergeant Manard] in the streets" and "send bullets your way" although Plaintiff denies that he made these statements. ECF Nos. 42-4, 42-5, and 42-6. Plaintiff then alleges that after he was escorted into the solitary confinement cell, he was struck in the head by Sergeant Reed seven or eight times and that he lost consciousness. ECF No. 1, ¶ 13. Defendants deny these allegations and none of the "affidavits" supplied by Plaintiff provide an eyewitness to any alleged assault.

Only one statement has anything remotely related to an alleged assault. Anthony Elmore's statement provides that Plaintiff told Inmate Elmore that he had been "hit twice" and that Rogers proceeded to laugh about the event immediately afterwards. Inmate Elmore's hearsay statement does not say that Elmore actually saw any assault. Both Inmate Elmore and Plaintiff admit that Plaintiff was laughing immediately after the alleged incident. ECF No. 42-10, Page ID 711 and ECF No. 47-1, Page ID 781. Plaintiff's explanation for the laughter is that the pain caused him to laugh. ECF No. 42-10, Page ID 711.

3843717.1 : 01304 00321

Plaintiff claims that he did not resist being placed in the cell, however, the reports of Sergeant Reed, Officer Thompson, and Officer Milewsky indicate that Plaintiff was resisting. ECF Nos. 42-4, 42-5, and 42-6. After being placed in the cell, Officer Milewsky observed Plaintiff setting off alarms, yelling, and kicking the door to his cell throughout the evening. ECF No. 42-6.

Plaintiff admits that he never sought any medical assistance for the injuries he claims to have suffered from the alleged assault and he did not discuss his condition with medical personnel at the Jefferson County Jail or either of the other two correctional facilities in which he has been subsequently incarcerated. ECF No. 42-10, Page ID 722-23. Plaintiff's medical records throughout his incarceration at Jefferson County Jail and Belmont Correctional Institution contain no mention of the incident, no complaints of any cognitive deficit, or complaints of any injury other than those which Plaintiff claimed occurred as a result of his motor vehicle accident just two weeks prior to the alleged "assault." ECF No. 42-8 and ECF No. 42-9. Mr. Rogers' records for Lorain Correctional have not been received by undersigned counsel and has never been produced by Plaintiff.

As stated in Defendants' Motion for Summary Judgment, the Supreme Court has held that not every malevolent touch by a prison guard gives rise to a federal cause of action and that "[b]ecause prison officials 'must make their decisions in haste, under pressure, and frequently without the luxury of a second chance,' we must grant them 'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security .'" *Hudson v. McMillan*, 503 U.S. 1, 6, 112 S. Ct. 995, 117 L. Ed.2d 156 (1992); see also *Combs v. Wilkinson*, 315 F.3d 548, 557 (6th Cir. 2002). Thus, '[f]ederal courts have routinely held that a single push, shove, punch, or blow by a prison guard does not rise to the level of a constitutional violation. The same holds

7

true even when the push or shove appears to be unnecessary.' *Jones v. Lee*, No. 2:09-CV-11283, 2012 WL 683362, at *5 (E.D. Mich. Mar. 2, 2012) (citing *Stanley v. Smith*, No. 2:07-CV-139, 2008 WL 4534434, at *6 (W.D.Mich. Sept.29, 2008) (citing *Hampton v. Alexander*, No. 95–3457, 1996 WL 40237 (6th Cir. Jan.31, 1996); *Neal v. Miller*, 778 F.Supp. 378, 383–384 (W.D.Mich.1991) (collecting cases)).

District Court have accordingly found that a single push or punch which caused nothing more than a bruise constitutes *de minimis* use of force that does not rise to the level of a constitutional violation. See *Jones*, 2012 WL 683362, at *5 (citing *De Walt v. Carter,* 224 F.3d 607, 620 (7th Cir.2000); *Boddie v. Schnieder,* 105 F.3d 857, 862 (2d Cir.1997); *Show v. Patterson,* 955 F.Supp. 182, 193 (S.D.N.Y.1997); *DeArmas v. Jaycox,* No. 92 Civ. 6139, 1993 WL 37501, at *4 (S.D.N.Y. Feb.8, 1993) (single punch that resulted in bruise and single kick constituted *de minimis* force), *aff'd,* 14 F.3d 591 (2d Cir.1993); *Olsen v. Coleman,* 804 F.Supp. 148, 150 (D.Kan.1992) (single blow to the head causing contusion constituted *de minimis* force).

Assuming for the moment, that the contradictory evidence submitted by Plaintiff is true, inmate Elmore's statement provides that Plaintiff reported being hit in the head twice immediately after the alleged "assault" and then proceeded to laugh about it. He did not seek medical assistance thereafter and, pursuant to the medical records obtained during his incarceration, he has made no complaints about the injuries he alleges in his Complaints to medical personnel. This is clearly an example of *de minimis* use of force which does not arise to the level a constitutional violation.

Plaintiff has produced no evidence that satisfies either the objective or subjective components of his excessive force claim other than his own conclusory, unsupported, and contradictory allegations. Plaintiff has not produced a single piece of medical documentation for his alleged injuries in the more than three years since the alleged incident despite being in

8

different facilities where these Defendants have no access. Plaintiff claims that he did not seek medical treatment at his current correctional facility because he didn't want any "retaliation." ECF No. 42-10, Page ID 723. This statement is belied by Plaintiff's multiple instances of seeking medical treatment at the facility for a variety of unrelated maladies. ECF No. 42-9, Page ID 553-82. Plaintiff received treatment while at Belmont Correctional Institution for back and leg pain, an injured toe, swollen hands, rashes, and a scratch to his eye among other things. *Id*. He also received x-rays of his lumbar spine and pelvis. *Id*., at Page ID 576. At no time do Plaintiff's medical records indicate that he mentioned headaches, memory loss, a bump on his head or anything else that could be rationally related to the alleged punches to the head to any medical personnel.

Finally, Plaintiff's reliance on "*Rose v. Reed*, 2014 U.S. Dist, LEXIS 80899" for the proposition that Sergeant Manard Reed "has a history of provoking and assaulting inmates" is misplaced. It is true that Sergeant Reed was sued by former Jefferson County Jail inmate Sol Rose. See *Rose v. Reed*, Case No. 2:12-cv-977, 2014 WL 2695505 (S.D. Ohio 2014). However, those claims were disputed and the case was settled for an undisclosed amount after summary judgment was granted in part and denied in part. *Id.* The claims of Inmate Sol Rose were never proven. Rather, the Court found that in that instance, Sergeant Reed was not entitled to qualified immunity. *Id*. The Court based its decision primarily on Inmate Rose's testimony that there was a lack of medical evidence because Rose "was not given medical slips while in segregation, and that he was afraid to ask for medical forms while in segregation and believed it would be futile." *Id*., at * 8. That is not the case here. Here, Plaintiff went to two different facilities after leaving Jefferson County jail and admits that he sought no treatment whatsoever for his alleged injuries. Plaintiff's version of the events is also directly contradicted by the statement of Anthony Elmore

9

upon which Plaintiff relies. Plaintiff's self-serving testimony in contradiction of the witness statements he provides does not create a genuine issue of material fact.

Defendants are entitled to judgment as a matter of law. Pro Se inmates are entitled to the same constitutional protections as everyone else, but they are also subject to the same requirements as everyone else. The allegations in this case simply do not withstand scrutiny based on the lack of evidence before this Court. Even accepting Plaintiff's version of the events as true for the purposes of Defendants' Motion for Summary Judgment, Plaintiff was struck in the head an unknown number of times and began immediately laughing about it thereafter, telling Anthony Elmore that he "was good." Plaintiff did not seek or request any medical attention, although he had no difficulty seeking and obtaining medical assistance both prior to and after this alleged incident.

Respectfully submitted,

/s/ Matthew S. Teetor
J. Stephen Teetor         (0023355)
Matthew S. Teetor         (0087009)
ISAAC WILES BURKHOLDER & TEETOR, LLC
Two Miranova Place, Suite 700
Columbus, Ohio 43215-5098
Telephone:   (614) 221-2121
Facsimile:   (614) 365-9516
Email:       steetor@isaacwiles.com
             mteetor@isaacwiles.com
*Attorneys for Defendants Sgt. Manard Reed, Corrections Officer Reese Thompson, Jefferson County Sheriff Fred Abdalla, and Jefferson County Prosecuting Attorney Jane M. Keenan-Hanlin*

10

# CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of May, 2017, I electronically filed the foregoing with the Clerk of Courts using the Court's authorized electronic filing system.

Additionally, I certify that on the 19th day of May, 2017, a copy of the foregoing was sent by ordinary U.S. mail, postage prepaid upon:

Alterik Rogers #A654-770
*a.k.a.* Brian MacNeil
c/o Belmont County Correctional Inst.
P.O. Box 540
St. Clairsville, Ohio 43950
*Plaintiff*

/s/ Matthew S. Teetor
Matthew S. Teetor        (0087009)