# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ALTERIK ROGERS,**

    **Plaintiff,**

                              Civil Action 2:14-cv-2750
                              Judge Michael H. Watson
    **v.**                              Magistrate Judge Chelsey M. Vascura

**SGT. MANARD REED,** *et al.***,**

    **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

This matter is before the undersigned for a Report and Recommendation on Defendants' Motion for Reconsideration (ECF No. 57), seeking reconsideration of the Court's denial of summary judgment to Defendants Sgt. Reed and Officer Thompson on Plaintiff's excessive force claim against them in their individual capacities. (July 13, 2017 Order, ECF No. 52.) For the reasons that follow, it is **RECOMMENDED** that Defendants' Motion for Reconsideration be **DENIED**. In addition, in light of the resolution of *State v. Rogers*, Jefferson County Case No. 14CR012, the stay ordered in the Court's July 20, 2017 Order (ECF No. 53) is **VACATED**.

### I.

The undersigned incorporates by reference the factual and procedural background set forth in Magistrate Judge Kemp's June 21, 2017 Report and Recommendation (ECF No. 50).

In that Report and Recommendation, Magistrate Judge Kemp recommended denying summary judgment to Defendants Sgt. Reed and Officer Thompson on Plaintiff's individual-capacity excessive force claim arising under the Due Process Clause of the Fourteenth

Amendment. In recommending denial of summary judgment, Magistrate Judge Kemp concluded that the record reflects material disputes about what threats Plaintiff made, whether he resisted while en route to segregation, and what force Defendants applied. The parties did not object to the Report and Recommendation, and the Court adopted it, denying summary judgment on the at-issue excessive force claims. (July 13, 2017 Order, ECF No. 52.)

In the subject Motion, Defendants seek reconsideration of the Court's ruling on Plaintiff's excessive force claim against Defendants Sgt. Reed and Officer Thompson based upon Plaintiff's recent conviction for menacing by stalking in *State v. Rogers*, Case No. 14CR00012, in the Jefferson County Court of Common Pleas. In support of this Motion, Defendants attach the docket sheet from Plaintiff's state-court criminal case and reference the copies of the Serious Incident Reports they attached to their Motion for Summary Judgment. Defendants argue that the statements reflected in the Serious Incident Reports (ECF Nos. 42-4, 42-5, 42-6) must be admitted as a matter of law because Plaintiff's plea includes his admission to those narratives.

Plaintiff opposes Defendants' Motion, asserting that he has neither admitted to nor accepted the narratives reflected in the Serious Incident Reports. (ECF No. 59.) Plaintiff asserts that he instead entered an Alford Plea to the menacing and stalking charge. He also maintains that he should be able to pursue his excessive force claims even if he did make the threatening comments alleged in the Serious Incident Reports.

In their Reply (ECF No. 60), Defendants point out that Plaintiff pleaded "no contest" to the menacing and stalking charge and argue that this Court should enter judgment on the excessive force claim regardless of whether the conviction was obtained through an Alford or no-contest plea.

The public docket attached to Defendants' Motion reflects that on August 22, 2018, Plaintiff entered a "no contest" plea to Count 3 of the Indictment, Ohio Revised Code § 2903.211(A)(1) and (B)(1)(b).  (ECF No. 57-1 at p. 5.)

**II.**

Under Federal Rule of Civil Procedure 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).  In addition, "[d]istrict courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of final judgment."  *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991) (citing *Marconi Wireless Tel. Co. v. United States*, 320 U.S. 1, 47-48 (1943)).  A court properly reconsiders an interlocutory order "'whe[re] there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice.'"  *Louisville/Jefferson Cnty. Metro Gov't v. Hotles.Com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (quoting *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004)).  That said, "[a] motion for reconsideration 'should not be used to re-litigate issues previously considered.'"  *Cockshutt v. State Dep't of Rehab. & Corr.*, No. 2:12-cv-532, 2013 WL 4052914, *14 (S.D. Ohio Aug. 9, 2013) (quoting *Am. Marietta Corp. v. Essroc Cement Corp.*, 59 F. App'x 668, 671 (6th Cir. 2003)).

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "The moving party has the initial burden of

proving that no genuine issue of material fact exists, and the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact" then the Court may "consider the fact undisputed for purposes of the motion").

The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255 (citation omitted). "The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, . . . there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute." *Lee v. Metro. Gov't of Nashville & Davidson Cty.*, 432 F. App'x 435, 441 (6th Cir. 2011) (internal quotation marks and citations omitted), *cert. denied*, 565 U.S. 1157 (2012); *see also* Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely disputed to "cit[e] to particular parts of materials in the record"). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stansberry*, 651 F.3d at 486 (citing *Celotex*, 477 U.S. at 322–23).

### III.

The undersigned finds that Plaintiff's menacing and stalking conviction does not require dismissal of his excessive force claim against Defendants Sgt. Reed and Officer Thompson.

Although Defendants cite no authority in support of their position that Plaintiff's

4

state-court conviction prevents him from proceeding on his excessive-force claim, they appear to be relying upon the *Heck* doctrine. In *Heck v. Humphrey*, the United States Supreme Court held that, in assessing a claim under 42 U.S.C. § 1983, a court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. 477, 487 (1994). If the claim would render a conviction or sentence invalid, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* Courts now refer to this requirement as the "favorable termination rule."

As a threshold matter, the undersigned notes that for purposes of *Heck*, an *Alford* plea or a no contest plea (a nolo contendere plea) is a plea of guilty that constitutes a criminal conviction. *See United States v. McMurray*, 653 F.3d 367, 381 (6th Cir. 2011) ("For a conviction resulting from an Alford-type guilty plea, the defendant has necessarily admitted to the elements of the charge but not necessarily the underlying factual basis (internal quotation marks and citation omitted)); *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995) ("We hold today that there is no difference in the requirements of Fed.R.Crim.P. 11(f) for a defendant who pleads guilty and admits to acts constituting the crime and a defendant who pleads guilty but who either 1) affirmatively protests his innocence or 2) refuses to admit to acts constituting the crime; that is, either of the two possible Alford-type guilty pleas."); *Thomason v. Harris*, No. 3:05-CV-161-H, 2006 WL 1549003, at *2 (W.D. Ky. June 2, 2006) (finding excessive force claim *Heck*-barred and noting that the entry of an "*Alford* plea" was a criminal conviction); *Calixte v. Briggs*, No. 3:10-cv-2838, 2011 WL 4732852, at *1-2 (N.D. Ohio Oct. 5, 2011) (finding the plaintiff's § 1983 excessive force claims *Heck*-barred where could have raised the assault as a defense and instead entered an *Alford* plea to assault under Ohio law); *Havens v. Johnson*, 783 F.3d 776, 784 (10th Cir.

5

2015) ("[T]he *Heck* doctrine derives from the existence of a valid conviction, not the mechanism by which the conviction was obtained . . ., so it is irrelevant that [the plaintiff] entered an *Alford* plea."); *Ojegba v. Murphy*, 178 F. App'x 888, 888 (11th Cir. 2016) (upholding trial court's determination that excessive force claim was *Heck*-barred, noting that "[t]he fact that in this case the plea was an *Alford* plea is of no consequence"); *Payton v. Normand*, 599 F. App'x 190, 192 (5th Cir. 2015) (holding that *Heck* "applies equally to *Alford* pleas" (citation omitted)); *Green v. Chvala*, 567 F. App'x 458, 459 (7th Cir. 2014) ("Like any plea, an *Alford* plea results in a conviction to which *Heck* applies.").

The Sixth Circuit has recently explained that *Heck* operates to bar a § 1983 claim in two circumstances:

> In this Circuit, there are two circumstances under which *Heck* may apply to bar a § 1983 claim. "The first is when the criminal provision makes the lack of excessive force [or the lack of an illegal entry] an element of the crime." *Schreiber v. Moe*, 596 F.3d 323, 334 (6th Cir. 2010) (citing *Heck*, 512 U.S. at 486 n. 6, 114 S.Ct. 2364). "The second is when excessive force [or illegal entry] is an affirmative defense to the crime . . . . " *Id*. (citing *Cummings v. City of Akron*, 418 F.3d 676, 684 (6th Cir. 2005), for the proposition that "an assault conviction barred an excessive-force claim because the plaintiff did not raise excessive force as a defense."). *See also Gottage v. Rood*, 533 F. App'x 546, 550 (6th Cir. 2013); *Walker v. City of Lebanon*, No. 3:12–CV–855–H, 2013 WL 6185402, at *4 (W.D. Ky. Nov. 25, 2013). In each of these circumstances, the § 1983 suit would "seek[ ] a determination of a fact that, if true, would have precluded the conviction." *Schreiber*, 596 F.3d at 334. Therefore, in this Circuit, if a plaintiff asserts a claim that contradicts an element of an underlying criminal offense, or if that claim could have been asserted in criminal court as an affirmative defense, *Heck* applies to bar the § 1983 suit.

*Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 608-09 (6th Cir. 2014).

Generally, excessive force claims "do not run afoul of *Heck* because the question of the degree of force used by a police or corrections officer is analytically distinct from the question whether the plaintiff violated the law." *Huey v. Stine*, 230 F.3d 226, 230 (6th Cir. 2000),

6

*overruled in part on other grounds by Muhammad v. Close*, 540 U.S. 749, 754–55 (2004); *Swiecicki v. Delgado*, 463 F.3d 489, 493 (6th Cir. 2006), *abrogated on other grounds by Wallace v. Kato*, 549 U.S. 384 (2007) (noting that "a claim of excessive force does not necessarily relate to the validity of the underlying conviction and therefore may be immediately cognizable" (citation omitted)). In other terms, "[w]here there is room for the facts alleged by the plaintiff and the facts essential to the judgment . . . to peacefully co-exist, the § 1983 [claim] must be allowed to go forward." *Lockett v. Suardini*, 526 F.3d 866, 873 (6th Cir. 2008) (internal citations and quotations omitted). Courts must therefore "look both to the claims raised under § 1983 and to the specific offenses for which the § 1983 claimant was convicted." *Schrieber v. Moe*, 596 F.3d 323, 334 (6th Cir. 2010) (internal quotation marks and citation omitted).

In addition, claims for excessive force are not subject to *Heck's* bar when the alleged excessive force was applied *after* the activity giving rise to the conviction. *Sigley v. Kuhn*, Nos. 98–3977, 99–3531, 2000 WL 145187, at *4 (6th Cir. Jan. 31, 2000) (holding that excessive force occurring after the plaintiff's resistance and arrest would not necessarily imply the invalidity of the underlying conviction for resisting arrest); *Lassen v. Lorain Cnty., Ohio*, No. 1:13-cv-1938, 2014 WL 3511010, at *4 (N.D. Ohio July 14, 2014) ("*Heck's* bar does not apply when the alleged excessive force was applied *after* an arrest." (citing *Michaels v. City of Vermillion*, 539 F. Supp. 2d 975, 992 (N.D. Ohio 2008)). Thus, "a court must carefully examine the facts and the temporal sequence of the underlying offense and the alleged unconstitutional conduct . . . ." *Hayward*, 759 F.3d at 612.

Here, Plaintiff's version of the facts with respect to his § 1983 excessive force claim do not contradict an element of the underlying offense to which he pleaded guilty, namely, menacing and

stalking under Ohio Revised Code § 2903.211(A)(1) and (B)(1)(b), as charged in Count Three of the Indictment (ECF No. 42-2). The crime of "menacing by stalking" is proscribed by Ohio Revised Code § 2903.211(A)(1), which provides that "[n]o person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or cause mental distress to the other person." Ohio Rev. Code § 2903.211(A)(1). Count Three of the state-court Indictment, to which Plaintiff pleaded guilty, states that Plaintiff "did, knowingly engage in a pattern of conduct causing [Defendant Sgt. Reed] to believe that [Plaintiff] would cause physical harm to [Defendant Sgt. Reed] *by making a threat of physical harm to or against [Defendant Sgt. Reed]*." (Indictment 3, ECF No. 42-2 (emphasis added).) Defendants have not attached Plaintiff's plea agreement or any other document outlining the allegations supporting Plaintiff's plea. Defendants reference the Serious Incident Reports the attached to their Motion for Summary Judgment (ECF Nos. 42-4, 42-5, 42-6), but nothing in the record reflects that Plaintiff admitted the allegations contained in these Reports or that the state-court judge relied upon the statements in the Reports to accept Plaintiff's guilty plea. *See* Fed. R. Civ. P. 56(c)(1) (party asserting a fact must support the assertion with record evidence); *see also* Fed. R. Civ. P. 56(3) ("The Court need consider only the cited materials . . . ."). Even assuming that Plaintiff's guilty plea was premised upon the verbal threats alleged in the Serious Incident Reports, Plaintiff's plea is not necessarily incompatible with his § 1983 excessive-force claim because success on this claim would not deprive his conviction for menacing and stalking of a factual basis. That is, it is possible that Plaintiff made verbal threats that violated Ohio Revised Code § 2903.211(A)(1) *and* that Defendants employed excessive force as Plaintiff alleges. Under these circumstances, Plaintiff's conviction does not operate to bar his

8

§ 1983 excessive force claim. *See Lockett*, 526 F.3d at 873 (courts must permit § 1983 claims to go forward notwithstanding conviction "[w]here there is room for the facts alleged by the plaintiff and the facts essential to the [conviction] . . . to peacefully co-exist" (citations omitted)).

Because Plaintiff's § 1983 excessive force claims against Defendants Sgt. Reed and Officer Thompson are analytically distinct from whether he was guilty of menacing and stalking under Ohio Revised Code § 2903.211(A)(1), it is **RECOMMENDED** that the Court conclude that his state-court conviction does implicate *Heck* and that the Defendants' Motion for Reconsideration be **DENIED**.

## IV.

For the reasons set forth above, it is **RECOMMENDED** that the Court **DENY** Defendants' Motion for Reconsideration. (ECF No. 57.) In addition, in light of the resolution of *State v. Rogers*, Jefferson County Case No. 14CR012, the stay ordered in the Court's July 20, 2017 Order (ECF No. 53) is **VACATED**.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE